*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: August 6, 2015                    519460
_____

DEUTSCHE BANK NATIONAL TRUST
    COMPANY, as Trustee (Not
    in its Individual Capacity
    but Solely as Trustee) in
    Trust for Registered
    Holders of VCM Series
    2009-1,
                    Respondent,          MEMORANDUM AND ORDER
        v

TIMOTHY MONICA, Also Known as
    TIMOTHY I. MONICA, et al.,
                    Appellants,
                    et al.,
                    Defendants.
_____


Calendar Date:  May 28, 2015

Before:  Garry, J.P., Egan Jr., Rose and Lynch, JJ.

                    _____


        Law Offices of Ronald J. Kim, PC, Saratoga Springs (Ronald
J. Kim of counsel), for appellants.

        Doonan, Graves & Longoria, LLC, Beverly, Massachusetts
(Stephen M. Valente of counsel), for respondent.


                    _____


Lynch, J.

        Appeal from an order of the Supreme Court (Chauvin, J.),
entered February 13, 2013 in Saratoga County, which, among other
things, granted plaintiff's motion for summary judgment.
        In 2006, defendants Timothy Monica and Kathy Monica
(hereinafter collectively referred to as defendants) executed a

note in favor of American Home Mortgage Acceptance, Inc. (hereinafter AHMA) that was secured by a mortgage on real property located in Saratoga County. For recording purposes, the mortgage names Mortgage Electronic Registration Systems, Inc. (hereinafter MERS) as nominee and mortgagee. MERS assigned the mortgage to plaintiff in 2009. Plaintiff then commenced the instant foreclosure action in 2011, four years after defendants defaulted on the loan.[1] Following joinder of issue, plaintiff moved for summary judgment striking defendants' answer and appointing a referee to compute the amount owed. Defendants cross-moved for, among other things, summary judgment dismissing the complaint against them for lack of standing. Supreme Court granted plaintiff's motion and denied defendants' cross motion. Defendants appeal.

"In a foreclosure action, a [plaintiff] producing evidence of the mortgage, unpaid note and the mortgagor's default will be entitled to summary judgment" (HSBC Bank USA, N.A. v Sage, 112 AD3d 1126, 1127 [2013], lvs dismissed 22 NY3d 1172 [2014], 23 NY3d 1015 [2014] [citations omitted]; see PHH Mtge. Corp. v Davis, 111 AD3d 1110, 1111 [2013], lv dismissed 23 NY3d 940 [2014]). "Where, as here, the issue of standing is raised as an affirmative defense, the plaintiff must also prove its standing in order to be entitled to relief" (Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015] [citations omitted]; see Nationstar Mtge., LLC v Catizone, 127 AD3d 1151, 1152 [2015]). Standing in a mortgage foreclosure action is established by proof that the plaintiff, at the time the action was commenced, was the holder or assignee of the mortgage and the holder or assignee of the underlying note (see Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307 [2012]; Wells Fargo Bank, N.A. v Wine, 90 AD3d 1216, 1217 [2011]). That said, the note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]).

Here, plaintiff produced the mortgage, the unpaid note, the

---

[1] The record shows that two prior foreclosure actions were voluntarily discontinued.

notice of default that was sent to defendants by Acqura Loan Services — plaintiff's loan servicing company — and an affidavit by Doug Battin, a senior vice-president of Acqura, who confirmed defendants' default.  While this documentation was sufficient to satisfy plaintiff's entitlement to an award of summary judgment, the core question here is whether plaintiff proved that it has standing to obtain such relief.  There is no dispute that plaintiff received an assignment of the mortgage through MERS, but the assignee of only a mortgage has no standing (see Bank of Am., N.A. v Paulsen, 125 AD3d 909, 911 [2015]; Citibank, N.A. v Herman, 125 AD3d 587, 588 [2015]).  Here, plaintiff maintains that it has standing through its physical possession of the note at the time that the action was commenced.  Since the note has only an undated indorsement in blank from the original lender, it does not evidence plaintiff's possessory interest (see Bank of Am., N.A. v Kyle, 129 AD3d 1168, 1169 [2015]).  To establish physical possession, plaintiff produced the affidavit of Battin and another Acqura employee recounting that Acqura acquired the underlying loan documentation from plaintiff in June 2009, imaged the documentation into its own records system and returned the original documentation to plaintiff.  Based on this documentation, Battin averred that the note was transferred to plaintiff "by way of an allonge and/or endorsement."

Defendants dispute the admissibility of Battin's affidavit on the ground that the business records about which he attested were neither made in Acqura's regular course of business nor within his personal knowledge.  While "the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records" (People v Cratsley, 86 NY2d 81, 90 [1995] [internal quotation marks and citation omitted]), such records are nonetheless admissible "if the recipient can establish personal knowledge of the maker's business practices and procedures, or that the records provided by the maker were incorporated into the recipient's own records or routinely relied upon the recipient in its business" (State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d 1293, 1296 [2012], lv denied 20 NY3d 858 [2013]).  To be admissible, these documents should carry the indicia of reliability ordinarily associated with business records (see People v Cratsley, 86 NY2d at 91; One

Step Up, Ltd. v Webster Bus. Credit Corp., 87 AD3d 1, 11 [2011]; Corsi v Town of Bedford, 58 AD3d 225, 231-232 [2008], lv denied 12 NY3d 714 [2009]).  Given Acqura's agency status as servicer of the loan for plaintiff, we agree with plaintiff that the Acqura records qualify as business records (see CPLR 4518 [a]; People v Cratsley, 86 NY2d at 90; Merrill Lynch Bus. Fin. Servs. Inc. v Trataros Constr., Inc., 30 AD3d 336, 337 [2006], lv denied 7 NY3d 715 [2006]).

"[W]here [a] plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears special indorsement payable to the order of the plaintiff," such party is a holder of the note and entitled to enforce the instrument (Wells Fargo Bank, NA v Ostiguy, 127 AD3d at 1376; see Nationstar Mtge., LLC v Davidson, 116 AD3d 1294, 1296 [2014], lv denied 24 NY3d 905 [2014]; see also Hartford Acc. & Indem. Co. v American Express Co., 74 NY2d 153, 159 [1989]).  Here, Battin's affidavit established that, prior to the commencement of the action, plaintiff possessed the underlying note indorsed in blank by AHMA (compare Bank of Am., N.A. v Kyle, 129 AD3d at 1169). Defendants, in turn, have failed to raise any question of fact as to whether plaintiff continued to retain possession.  As such, we conclude that Supreme Court properly found that plaintiff had standing to bring the instant foreclosure action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Nationstar Mtge., LLC v Davidson, 116 AD3d at 1296; HSBC Bank USA, N.A. v Sage, 112 AD3d at 1127-1128).

Garry, J.P., Egan Jr. and Rose, JJ., concur.

ORDERED that the order is affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court