Lynch, J.
Appeal from an order of the Supreme Court (LaBuda, J.), entered April 14, 2014 in Sullivan County, which, among other things, granted plaintiff’s motion for summary judgment.
In October 2004, defendants Barbara A. Hill and Robert W. Hill (hereinafter collectively referred to as defendants) executed a note in favor of B3NTY Mortgage Company, LLC to borrow the sum of $132,664 to purchase property located in the Village of Monticello, Sullivan County. The debt was secured by a mortgage on the property. When defendants stopped making monthly payments, plaintiff commenced this action in February 2013 to foreclose on the mortgage. Supreme Court scheduled a settlement conference (see CPLR 3408; 22 NYCRR 202.12-a), but defendants did not appear. Thereafter, with the court’s permission, plaintiff moved for summary judgment and defendants cross-moved for, among other things, an order directing plaintiff to produce the “wet-ink” note. The court granted plaintiff’s motion, denied defendants’ cross motion and defendants now appeal.
In a foreclosure action, a plaintiff seeking summary judgment “must produce evidence of the mortgage and unpaid note along with proof of the mortgagor’s default” (Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015]; see HSBC Bank USA, N.A. v Sage, 112 AD3d 1126, 1127 [2013], lvs dismissed 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]). Plaintiff supported its motion with the required documentation, but because the self-represented defendants raised the issue of standing in their answer, plaintiff was also obligated to demonstrate that it was a holder or assignee of the note and subject mortgage at the time the action was commenced (see Wells Fargo Bank, NA v Ostiguy, 127 AD3d at 1376; Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307 [2012]). It is the note, not the mortgage, that is the dispositive instrument that conveys standing to foreclose under New York law (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]).
*1058 Here, plaintiff maintains that it has standing because it obtained physical possession of the note prior to commencement of the action. “Since the note has only an undated indorsement in blank from the original lender, it does not evidence plaintiffs possessory interest” (Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738-739 [2015] [citation omitted]; see Bank of Am., N.A. v Kyle, 129 AD3d 1168, 1169 [2015]), nor, for that matter, does the June 2012 assignment of the mortgage from the Mortgage Electronic Registration Systems, Inc. confer standing (see id.). To establish physical possession, plaintiff produced an affidavit by an assistant secretary, who stated that plaintiff’s “custodial system of record” showed that plaintiff “received the original [n]ote on February 16, 2007” and that plaintiff maintained “possession of the [n]ote at its storage facility” in Monroe, Louisiana. Noticeably absent is any representation by the assistant secretary that she examined the original note and, contrary to the dissent, the affidavit is devoid of any detail as to how plaintiff actually acquired possession of the original note (compare Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739). Moreover, the dissent’s reliance on HSBC Bank USA, N.A. v Sage (supra) is misplaced, for the question here is not, as it was in that case, whether plaintiff’s representative had personal knowledge as to the creation of the original loan documents, but whether any direct evidence was presented detailing how plaintiff came into actual possession of the original note. The plaintiff in HSBC Bank USA had already established that the custodian of the trust had actual possession of the note for over two years prior to commencement of the action (id. at 1127-1128). Even accepting that plaintiff met its burden of proving physical possession of the note through the assistant secretary’s review of plaintiff’s custodial records, in opposition, defendants cross-moved for an order directing plaintiff to produce the original or “wet-ink” note, as described by defendants. Defendants made the same demand in their answer.
In Aurora Loan Servs., LLC v Taylor (25 NY3d at 361-362), the Court of Appeals recently addressed the degree of proof necessary to show possession of a note for purposes of standing. In that case, the plaintiff’s representative averred, upon review of its business records and after examining the original note, that it had custody of the note prior to the commencement of the action. The defendants countered that more detail was required as to how the plaintiff acquired the note. While observing that “the better practice would have been for [the plaintiff] to state how it came into possession of the note,” the *1059 Court determined that the trial court did not err in granting summary judgment to the plaintiff without requiring production of the original note, emphasizing that no such demand had been made (id. at 362). Not to be overlooked is the fact that the allonge indorsing the note to the plaintiff in Aurora showed a specific chain of ownership to the plaintiff (id. at 359). Here, by comparison, the original note includes only a blank indorsement, the affidavit of the assistant secretary is based on a review of system records without an examination of the original note and defendants demanded production of the original note from the outset. Defendants also represent that a prior foreclosure action was commenced by defendant Bank of New York in 2008 — a year after plaintiff ostensibly obtained possession of the original note — and discontinued in 2010, without prejudice. Given this context, and without any verification as to how plaintiff came into possession of the note, we conclude that Supreme Court should have first compelled it to produce the original note prior to resolving plaintiff’s motion for summary judgment. This is particularly so given the responding affidavit of plaintiff’s representative that it was “ready, wiling (sic) and able to produce the original ‘wet-ink’ note for inspection” — a representation repeated in plaintiff’s brief on appeal.
Garry and Egan Jr., JJ., concur.