*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 7, 2016                    521156
_____

EVERHOME MORTGAGE COMPANY,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

WILLIAM E. PETTIT et al.,
                    Appellants,
                    et al.,
                    Defendants.
_____

Calendar Date:  November 20, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____

        Ronald J. Kim, Saratoga Springs, for appellants.

        Rosicki, Rosicki & Associates, PC, Plainview (Thomas C. Frost of counsel), for respondent.

_____

McCarthy, J.

        Appeal from an order of the Supreme Court (Nolan Jr., J.), entered July 17, 2014 in Saratoga County, which, among other things, granted plaintiff's motion for summary judgment against defendants William E. Pettit and Susan A. Pettit.

        In July 2006, defendants William E. Pettit and Susan A. Pettit (hereinafter collectively referred to as defendants) executed a note in favor of Opteum Financial Services, LLC that was secured by a mortgage on certain real property.  In 2009, defendants ceased to make payments on the loan and subsequently defaulted.  Plaintiff commenced the instant action for foreclosure in July 2010.  In January 2014, plaintiff moved to, among other things, substitute EverBank – its successor – as

plaintiff and for summary judgment against defendants. Defendants, among other things, cross-moved for summary judgment dismissing the complaint against them for lack of standing. Supreme Court granted plaintiff's motion and denied defendants' cross motion.[1]  Defendants appeal, and we affirm.

Defendants' contention that plaintiff failed to prove as a matter of law that it had standing to foreclose is without merit. A plaintiff's standing is established in a mortgage foreclosure action "where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307-1308 [2012] [internal quotation marks and citation omitted]; see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738 [2015]).  However, "[o]nce a note is transferred, . . . the mortgage passes as an incident to the note" and, thus, "it is not necessary [for a plaintiff] to have possession of the mortgage at the time the action is commenced" (Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015] [internal quotation marks and citation omitted]).  Therefore, "the note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose" (id. at 361; see Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59 [2015]).

Plaintiff submitted, among other things, a copy of the original note and an affidavit from EverBank's vice-president, E. Michele de Craen.  De Craen averred that, based on her personal knowledge of how loan records were kept and her review of the loan records for defendants, which were maintained by EverBank in its regularly conducted business activities, defendants executed and delivered the original note to Opteum Financial Services, LLC

_____

[1]  Although Supreme Court's order granted plaintiff's request to substitute EverBank in place of plaintiff, the court did not amend the caption.  Regardless, a successor corporation "is vested with all of the rights and powers of the merged corporations, and is considered to have been named in any document taking effect before the merger" (Barclay's Bank of N.Y. v Smitty's Ranch, 122 AD2d 323, 324 [1986]; see Banking Law § 602; see e.g. TD Bank, N.A. v Mandia, 133 AD3d 590 [2015]).

on July 18, 2006.  De Craen further averred that the note was thereafter transferred to plaintiff on June 1, 2007 (compare Loancare v Firshing, 130 AD3d 787, 789 [2015]; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 974 [2014]).  According to de Craen, plaintiff continued to maintain the note and held it at the time that it commenced the instant action.[2]  Given this competent evidence establishing transfer of the note and plaintiff's possession of it at the time of commencement, and further considering that defendants' submissions do not raise any material issues of fact, plaintiff established its standing as a matter of law (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 359-362; TD Bank, N.A. v Mandia, 133 AD3d 590, 591 [2015]; Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980, 982 [2015]; HSBC Bank USA, N.A. v Spitzer, 131 AD3d 1206, 1207 [2015]; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [2015]; Loancare v Firshing, 130 AD3d at 789; Wells Fargo Bank, N.A. v Arias, 121 AD3d at 974).  Defendants' remaining arguments are also without merit.

        Lahtinen, J.P., Egan Jr., Lynch and Clark, JJ., concur.

---

[2]  Given that, in this case, de Craen's affidavit accounted for the chain of ownership leading to plaintiff's possession, and further considering the fact that defendants — who had been provided a copy of the note during discovery and more than a year and a half prior to plaintiff's motion for summary judgment — did not move to compel the production of the original note for inspection, the facts in this case do not raise the same issues that caused disagreement between certain members of this Court in JP Morgan Chase Natl. Assoc. v Hill (133 AD3d 1057, 1057-1062 [2015]).

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court