*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 7, 2016                    521575
_____

U.S. BANK NATIONAL ASSOCIATION,
    as Trustee for J.P. MORGAN
    MORTGAGETRUST 2006-S4,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

FRANK A. CARNIVALE, Also Known
    as FRANK A. CARNEVALE,
                    Appellant.
_____

Calendar Date:   February 10, 2016

Before:   Peters, P.J., Garry, Rose, Devine and Clark, JJ.

_____

        Rusk, Waldin, Heppner & Martuscello, LLP, Kingston (Jason
J. Kovacs of counsel), for appellant.

        Eckert Seamans Cherin & Mellot, LLC, White Plains (David V.
Mignardi of counsel), for respondent.

_____

Peters, P.J.

        Appeal from an order of the Supreme Court (Melkonian, J.),
entered August 6, 2014 in Ulster County, which, among other
things, granted plaintiff's motion for summary judgment.

        In September 2006, defendant executed a note in favor of
American Brokers Conduit that was secured by a mortgage on real
property located in Ulster County.  When defendant stopped making
payments on the note, plaintiff commenced this action in
September 2012 to foreclose on the mortgage.  Following joinder
of issue, plaintiff moved for summary judgment striking
defendant's answer and appointing a referee to compute the amount

due and owing.  Defendant cross-moved for, among other things, dismissal of the complaint on the ground that plaintiff lacked standing.  Supreme Court granted plaintiff's motion and denied defendant's cross motion.  Defendant appeals, and we affirm.

Plaintiff produced evidence of the mortgage, the unpaid note and defendant's default, thereby establishing its prima facie entitlement to summary judgment in this foreclosure action (see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738 [2015]; Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015]).  Defendant challenged plaintiff's standing to maintain the action, thus requiring plaintiff to further demonstrate that it was "both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action [was] commenced" (Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307 [2012] [internal quotation marks and citations omitted]; accord Wells Fargo Bank, NA v Ostiguy, 127 AD3d at 1376).  "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Onewest Bank, F.S.B. v Mazzone, 130 AD3d 1399, 1400 [2015] [internal quotation marks and citation omitted]; accord Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980, 981-982 [2015]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]).

Plaintiff alleged that it had standing through its physical possession of the note at the time of the commencement of the action.  "Since the note has only an undated indorsement in blank from the original lender, it does not evidence plaintiff's possessory interest" (Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 738-739 [citation omitted]; see Bank of Am., N.A. v Kyle, 129 AD3d 1168, 1169 [2015]).  To establish actual physical possession, plaintiff produced the affidavit of an assistant secretary of JP Morgan Chase Bank, N.A., the custodian and loan servicing agent for the trust for which plaintiff serves as trustee.  The assistant secretary averred that, upon her review of the records kept and maintained by JP Morgan Chase and its subsidiary in the ordinary course of business, JP Morgan Chase received the original note on October 19, 2006 and maintains possession of the note at its storage facility in Louisiana.

Plaintiff also proffered the affidavit of JP Morgan Chase's vice-president, who confirmed that JP Morgan Chase had possession of the note when this action was commenced. While "the better practice" would have been for plaintiff to submit evidence showing exactly how JP Morgan Chase, as custodian of the trust, came into possession of the note (Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362), the foregoing evidence was sufficient to establish, prima facie, that the note was delivered to plaintiff's custodian prior to the commencement of this foreclosure action and remained in its possession at the time the action was commenced (see id. at 359-362; Everhome Mtge. Co. v Pettit, 135 AD3d 1054, 1055 [2016]; JPMorgan Chase Bank, N.A. v Mantle, 134 AD3d 903, 904-905 [2015]; HSBC Bank USA, N.A. v Sage, 112 AD3d 1126, 1127 [2013], lvs dismissed 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]; compare JP Morgan Chase Bank, N.A. v Hill, 133 AD3d 1057, 1058-1059 [2015]).[1]

In opposition, defendant offered no evidence to contradict the factual averments by the assistant secretary and vice-president. Furthermore, defendant lacks standing to challenge plaintiff's possession of the note based on a purported noncompliance with certain provisions of the applicable pooling and servicing agreement (see Bank of Am. N.A. v Patino, 128 AD3d 994, 994-995 [2015], lv dismissed 26 NY3d 975 [2015]; Wells Fargo Bank, N.A. v Erobobo, 127 AD3d 1176, 1178 [2015], lv dismissed 25 NY3d 1221 [2015]; Bank of N.Y. Mellon v Gales, 116 AD3d 723, 725 [2014]; see also Rajamin v Deutsche Bank Natl. Trust Co., 757 F3d 79, 87 [2d Cir 2014]). As defendant's submissions failed to raise any triable issues of fact with respect to plaintiff's standing, Supreme Court properly granted summary judgment in

---

[1] This case does not present the same concerns as those raised in JP Morgan Chase Bank, N.A. v Hill (133 AD3d 1057 [2015]). There, unlike here, there was evidence that a prior foreclosure action had been commenced by a different entity during the period of time in which the plaintiff bank claimed to have possessed the original note, and, further, the defendants therein had moved for an order directing the plaintiff to produce the original "wet-ink" note, and made the same demand in their answer (id. at 1058-1059).

plaintiff's favor.

Garry, Rose, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court