*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 28, 2016                521494
_____

THE BANK OF NEW YORK MELLON,
    Formerly Known as
    THE BANK OF NEW YORK, as
    Trustee for the
    CERTIFICATEHOLDERS CWALT,
    INC., ALTERNATIVE LOAN TRUST
    2006-16CB MORTGAGE
    PASS-THROUGH CERTIFICATES,
    SERIES 2006-16CB,                          MEMORANDUM AND ORDER
                    Respondent,
        v

JUDITH McCLINTOCK, Also Known
    as JUDY McCLINTOCK,
                    Appellant,
                    et al.,
                    Defendants.
_____


Calendar Date:  February 16, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____


        Rusk Wadlin Heppner & Martuscello, LLP, Kingston (Jason J.
Kovacs of counsel), for appellant.

        Bond, Schoeneck & King PLLC, Syracuse (Suzanne M. Messer of
counsel), for respondent.


_____


Clark, J.

        Appeal from an order of the Supreme Court (Gilpatric, J.),
entered October 22, 2013 in Ulster County, which, among other
things, granted plaintiff's motion for summary judgment.

In March 2006, defendant Judith McClintock (hereinafter defendant) executed a note in favor of Cliffco Inc., doing business as Cliffco Mortgage Bankers, which was secured by a mortgage on certain real property in Ulster County. Cliffco endorsed the note without recourse to Countrywide Bank, N.A., which, in turn, endorsed the note without recourse to Countrywide Home Loans, Inc. Countrywide Home Loans, Inc. subsequently endorsed the note in blank without recourse. Plaintiff alleges that, in accordance with the terms of a pooling and servicing agreement (hereinafter PSA), it took physical possession of the note on April 1, 2006. Mortgage Electronic Registration Systems, Inc., which acted as a nominee for Cliffco and its successors and assigns, assigned the mortgage to plaintiff in February 2010.

After defendant defaulted on her obligations under the mortgage, plaintiff commenced this mortgage foreclosure action in March 2010. Defendant joined issue and asserted various affirmative defenses, including lack of standing. Thereafter, plaintiff moved for, as relevant here, summary judgment striking defendant's answer and appointing a referee to compute the amount owed.[1] Defendant cross-moved for dismissal of the complaint. Supreme Court, among other things, granted plaintiff's motion and denied defendant's cross motion. Defendant appeals, and we affirm.

Initially, plaintiff established its prima facie entitlement to summary judgment by submitting proof of the mortgage, the unpaid note and defendant's default (see Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015]; HSBC Bank USA, N.A. v Sage, 112 AD3d 1126, 1127 [2013], lvs dismissed 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]). However, because defendant raised the issue of standing in her answer, plaintiff bore the additional burden of demonstrating that, "at the time the action was commenced, [it] was the holder or assignee of the mortgage and the holder or assignee of the underlying note" (Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738

_____

[1] Plaintiff moved for the same relief on two prior occasions. Plaintiff withdrew its first motion, and Supreme Court denied the second motion without prejudice.

[2015]; see Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307 [2012]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (Chase Home Fin., LLC v Miciotta, 101 AD3d at 1307, quoting U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2009]).

Here, plaintiff sought to establish its standing by proving that it had physical possession of the note at the time that this action was commenced. The note was most recently endorsed in blank without recourse and, therefore, did not evidence plaintiff's possessory interest (see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 738-739; Bank of Am., N.A. v Kyle, 129 AD3d 1168, 1169 [2015]). To establish its standing as holder of the note, plaintiff proffered, among other things, the affidavit of Kevin Kerestes, an assistant vice-president of Bank of America, N.A. (hereinafter BANA), who averred that BANA was the loan servicing agent for plaintiff, that he reviewed records kept and maintained by BANA in its ordinary course of business and that plaintiff held the note at the time of his affidavit in November 2011. In addition, plaintiff produced the affidavit of David Richard, a vice-president of Resurgent Capital Services, L.P., BANA's loan subservicer, who, upon his review of records kept and maintained by his employer in the regular course of business, asserted that plaintiff was the holder of the note at the time of his affidavit in June 2013, and that "[p]laintiff took possession of [the] note and mortgage in accordance with the [PSA], dated April 1, 2006, and took physical possession of the note on April 1, 2006."[2] Richard's affidavit was sufficient to establish, prima facie, that plaintiff had physical possession of the note at the time that this action was commenced in March 2010 (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]; U.S. Bank N.A. v Carnivale, ___ AD3d ___, ___, 2016 NY Slip Op 02701, *2 [2016]; Everhome Mtge. Co. v Pettit, 135 AD3d

_____

[2] As the dissent points out, plaintiff produced Richard's affidavit in reply to defendant's opposition to its motion for summary judgment. We note that defendant had an opportunity to respond to the contents of Richard's affidavit in her reply to plaintiff's opposition to her cross motion.

1054, 1055 [2016]; <u>YMJ Meserole, LLC v 98 Meserole St., LLC</u>, 133 AD3d 848, 849 [2015]; <u>compare</u> <u>JP Morgan Chase Bank, N.A. v Hill</u>, 133 AD3d 1057, 1058-1059 [2015]).  Although the dissent asserts that Richard "provided no explanation as to how plaintiff came into possession," we are of the view that Richard did, in fact, provide such information when he stated that plaintiff took possession of the note "in accordance with the [PSA]" and took physical possession of the note on April 1, 2006, the same date as the PSA.

In opposition to plaintiff's motion and in support of her cross motion, defendant did not produce any evidence to contradict the affidavits of Kerestes or Richard or otherwise establish that plaintiff was not in possession of the note at the commencement of this foreclosure action.[3]  Defendant produced, among other things, the affidavit of Gail Stein, an assistant secretary of BAC Home Loans Servicing, LP.[4]  In that affidavit, Stein states, "The [m]ortgage and note . . . have been in continuous possession since March 1, 2009."  Although inartfully worded, we do not find her statement to be at odds with Richard's assertion that plaintiff "took physical possession of the note on April 1, 2006."  Additionally, contrary to the dissent's conclusion, the mere fact that Stein and Kerestes did not include the date of possession in their affidavits does not necessarily lead to the conclusion that they were unable to determine the date of possession.[5]

_____

[3]  Unlike in <u>JP Morgan Chase Bank, N.A. v Hill</u> (133 AD3d at 1059), defendant did not submit evidence of any prior mortgage foreclosure action commenced by a different entity in between the date on which plaintiff took physical possession of the note and the date of commencement.  Nor did defendant request that plaintiff produce the "original 'wet-ink' note" (<u>id.</u>).

[4]  BAC Home Loans Servicing was plaintiff's attorney-in-fact.  BANA is the successor by merger to BAC Home Loans Servicing.

[5]  We also note that, although the "better practice" is to explain how it came into possession of the note, a plaintiff's

Finally, although defendant challenged plaintiff's status as the holder of the note by alleging that plaintiff did not comply with certain provisions of the PSA, she lacked standing to make such a challenge (see Bank of Am. N.A. v Patino, 128 AD3d 994, 994-995 [2015], lv dismissed 26 NY3d 975 [2015]; Wells Fargo Bank, N.A. v Erobobo, 127 AD3d 1176, 1178 [2015], lv dismissed 25 NY3d 1221 [2015]; Bank of N.Y. Mellon v Gales, 116 AD3d 723, 725 [2014]). In view of the foregoing, Supreme Court properly granted plaintiff's motion for summary judgment.

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.


Lynch, J. (dissenting).

I respectfully dissent. As explained by the majority, in order to establish standing, plaintiff's burden was to show that it had physical possession of the note prior to commencement of the action on March 2, 2010. In my view, through a series of inadequate affidavits presented on three motions for summary judgment, plaintiff failed to satisfy this burden. On the first motion made in 2010, plaintiff submitted the affidavit of Gail Stein, an assistant secretary of BAC Home Loans Servicing, LP, attorney-in-fact for plaintiff. Stein averred that "[t]he mortgage and note . . . have been in continuous possession since March 1, 2009." Notably, she did not say who had possession of the documents and her representation with respect to the mortgage was clearly in error, for the mortgage was not assigned to plaintiff by Mortgage Electric Registration Systems, Inc. until February 2010. Not surprisingly, that motion was withdrawn. A second motion, returnable in June 2012, was supported by the affidavit of Kevin Kerestes, an assistant vice-president of Bank of America, N.A. (hereinafter BANA), the loan servicing agent. Pertinent to the issue of physical possession, Kerestes averred that "plaintiff is the holder of the note and was assigned the

_____

failure to do so does not preclude a court from granting summary judgment in its favor (Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; see U.S. Bank N.A. v Carnivale, 2016 NY Slip Op 02701 at *2).

mortgage prior to commencement of this action."  In denying the motion, Supreme Court observed that the Kerestes affidavit "fails to address how or when . . . plaintiff . . . was assigned the note and mortgage and by whom said note and mortgage was assigned."  The court did not address the issue of physical delivery of the note to plaintiff, but denied the motion without prejudice.  A third motion was filed, returnable in February 2013, again supported by the Kerestes affidavit.  In reply, however, plaintiff added the affidavit of David Richard, a vice-president of Resurgent Capital Services, LP, a sub-servicer for BANA.  Based on a review of Resurgent's records, which included copies of the note and mortgage, Richard averred that plaintiff "took possession of the note and mortgage in accordance with the Pooling and Servicing Agreement (PSA), dated April 1, 2006, and took physical possession of the note on April 1, 2006."

The majority has determined that the Kerestes and Richard affidavits, combined, were sufficient to demonstrate that plaintiff had physical possession of the note prior to commencing the action.  Given the sequence and discrepancies between the affidavits outlined above, I disagree.  To begin, in finally granting the motion, Supreme Court makes no mention of the Richard affidavit, while concluding that the Kerestes "affidavit states that [BANA] holds the note and mortgage, which is now substantiated by plaintiff's submissions."  Of course, the actual issue here is whether plaintiff, not BANA, took physical possession of the note prior to commencing the action.  Neither Stein nor Kerestes addressed this operative point in either of their affidavits.  The curious thing is that not until the third motion, in reply, did plaintiff put forth the affidavit of Richard.  While Richard was entitled to rely on the records maintained by Resurgent as sub-servicer (see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 739 [2015]), he provided no explanation as to how plaintiff came into possession, or even how it was that he could confirm the date plaintiff took possession while Stein and Kerestes could not, when all were presumably provided with the same records (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 362 [2015]).  Neither Stein, Kerestes nor Richard ever indicates that they examined the original note (compare Deutsch Bank Natl. Trust Co. v Monica, 131 AD3d at 739), nor can we assume that plaintiff took possession of the note upon

the signing of the Pooling and Servicing Agreement on April 1, 2006.  Under section 2.01 [a] of that agreement, the seller was required to deliver the note to plaintiff, as trustee, either on the closing date or within 30 days for any "Delay Delivery Mortgage Loans" – defined as a mortgage loan for which all or a portion of the related file was not delivered on the April 1, 2006 closing date.  From this record, we have no basis upon which to determine whether the subject note falls into the delay category and, if so, nothing to show when the note was actually delivered.  While credibility is not at issue on a summary judgment motion, it is my view that plaintiff's submissions fall short in establishing a prima facie case that it has standing to pursue this action.  At the very least, a hearing should have been held on the issue of physical delivery prior to a determination on the motion (see CPLR 3212 [c]).

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court