Clark, J.
Appeal from an order of the Supreme Court (Gilpatric, J.), entered October 22, 2013 in Ulster County, which, among other things, granted plaintiff’s motion for summary judgment.
In March 2006, defendant Judith McClintock (hereinafter defendant) executed a note in favor of Cliffco Inc., doing business as Cliffco Mortgage Bankers, which was secured by a mortgage on certain real property in Ulster County. Cliffco endorsed the note without recourse to Countrywide Bank, N.A., which, in turn, endorsed the note without recourse to Countrywide Home Loans, Inc. Countrywide Home Loans, Inc. subsequently endorsed the note in blank without recourse. Plaintiff alleges that, in accordance with the terms of a pooling and servicing agreement (hereinafter PSA), it took physical possession of the note on April 1, 2006. Mortgage Electronic Registration Systems, Inc., which acted as a nominee for Cliffco and its successors and assigns, assigned the mortgage to plaintiff in February 2010.
After defendant defaulted on her obligations under the mortgage, plaintiff commenced this mortgage foreclosure action in March 2010. Defendant joined issue and asserted various affirmative defenses, including lack of standing. Thereafter, plaintiff moved for, as relevant here, summary judgment striking defendant’s answer and appointing a referee to compute the amount owed.[1] Defendant cross-moved for dismissal of the complaint. Supreme Court, among other things, granted plaintiff’s motion and denied defendant’s cross motion. Defendant appeals, and we affirm.
Initially, plaintiff established its prima facie entitlement to summary judgment by submitting proof of the mortgage, the unpaid note and defendant’s default (see Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015]; HSBC Bank USA, N.A. v Sage, 112 AD3d 1126, 1127 [2013], lvs dismissed 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]). However, because defendant raised the issue of standing in her answer, plaintiff bore the additional burden of demonstrating that, “at the time the action was commenced, [it] was the holder or assignee of the mortgage and the holder or assignee of the underlying note” *1374 (Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738 [2015]; see Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307 [2012]). “Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation” (Chase Home Fin., LLC v Miciotta, 101 AD3d at 1307, quoting U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2009]).
Here, plaintiff sought to establish its standing by proving that it had physical possession of the note at the time that this action was commenced. The note was most recently endorsed in blank without recourse and, therefore, did not evidence plaintiff’s possessory interest (see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 738-739; Bank of Am., N.A. v Kyle, 129 AD3d 1168, 1169 [2015]). To establish its standing as holder of the note, plaintiff proffered, among other things, the affidavit of Kevin Kerestes, an assistant vice-president of Bank of America, N.A. (hereinafter BANA), who averred that BANA was the loan servicing agent for plaintiff, that he reviewed records kept and maintained by BANA in its ordinary course of business and that plaintiff held the note at the time of his affidavit in November 2011. In addition, plaintiff produced the affidavit of David Richard, a vice-president of Resurgent Capital Services, L.P., BANA’s loan subservicer, who, upon his review of records kept and maintained by his employer in the regular course of business, asserted that plaintiff was the holder of the note at the time of his affidavit in June 2013, and that “[p]laintiff took possession of [the] note and mortgage in accordance with the [PSA], dated April 1, 2006, and took physical possession of the note on April 1, 2006.”[2] Richard’s affidavit was sufficient to establish, prima facie, that plaintiff had physical possession of the note at the time that this action was commenced in March 2010 (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]; U.S. Bank N.A. v Carnivale, 138 AD3d 1220, 1221 [2016]; Everhome Mtge. Co. v Pettit, 135 AD3d 1054, 1055 [2016]; YMJ Meserole, LLC v 98 Meserole St., LLC, 133 AD3d 848, 849 [2015]; compare JP Morgan Chase Bank, N.A. v Hill, 133 AD3d 1057, 1058-1059 [2015]). Although the dissent asserts that Richard “provided no explanation as to how plaintiff came into possession,” we are of the view that Richard did, in fact, provide such information when he stated *1375 that plaintiff took possession of the note “in accordance with the [PSA]” and took physical possession of the note on April 1, 2006, the same date as the PSA.
In opposition to plaintiffs motion and in support of her cross motion, defendant did not produce any evidence to contradict the affidavits of Kerestes or Richard or otherwise establish that plaintiff was not in possession of the note at the commencement of this foreclosure action.[3] Defendant produced, among other things, the affidavit of Gail Stein, an assistant secretary of BAC Home Loans Servicing, LP.[4] In that affidavit, Stein states, “The [m]ortgage and note . . . have been in continuous possession since March 1, 2009.” Although inartfully worded, we do not find her statement to be at odds with Richard’s assertion that plaintiff “took physical possession of the note on April 1, 2006.” Additionally, contrary to the dissent’s conclusion, the mere fact that Stein and Kerestes did not include the date of possession in their affidavits does not necessarily lead to the conclusion that they were unable to determine the date of possession.[5]
Finally, although defendant challenged plaintiff’s status as the holder of the note by alleging that plaintiff did not comply with certain provisions of the PSA, she lacked standing to make such a challenge (see Bank of Am. N.A. v Patino, 128 AD3d 994, 994-995 [2015], lv dismissed 26 NY3d 975 [2015]; Wells Fargo Bank, N.A. v Erobobo, 127 AD3d 1176, 1178 [2015], lv dismissed 25 NY3d 1221 [2015]; Bank of N.Y. Mellon v Gales, 116 AD3d 723, 725 [2014]). In view of the foregoing, Supreme Court properly granted plaintiff’s motion for summary judgment.
McCarthy, J.P., Egan Jr. and Devine, JJ., concur.

. Plaintiff moved for the same relief on two prior occasions. Plaintiff withdrew its first motion, and Supreme Court denied the second motion without prejudice.

. As the dissent points out, plaintiff produced Richard’s affidavit in reply to defendant’s opposition to its motion for summary judgment. We note that defendant had an opportunity to respond to the contents of Richard’s affidavit in her reply to plaintiff’s opposition to her cross motion.

. Unlike in JP Morgan Chase Bank, N.A. v Hill (133 AD3d at 1059), defendant did not submit evidence of any prior mortgage foreclosure action commenced by a different entity in between the date on which plaintiff took physical possession of the note and the date of commencement. Nor did defendant request that plaintiff produce the “original ‘wet-ink’ note” (id.).

. BAC Home Loans Servicing was plaintiff’s attorney-in-fact. BANA is the successor by merger to BAC Home Loans Servicing.

. We also note that, although the “better practice” is to explain how it came into possession of the note, a plaintiff’s failure to do so does not preclude a court from granting summary judgment in its favor (Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; see U.S. Bank N.A. v Carnivale, 138 AD3d at 1221).