Lynch, J.
(dissenting). I respectfully dissent. As explained by the majority, in order to establish standing, plaintiff’s burden was to show that it had physical possession of the note prior to commencement of the action on March 2, 2010. In my view, *1376 through a series of inadequate affidavits presented on three motions for summary judgment, plaintiff failed to satisfy this burden. On the first motion made in 2010, plaintiff submitted the affidavit of Gail Stein, an assistant secretary of BAG Home Loans Servicing, LP, attorney-in-fact for plaintiff. Stein averred that “[t]he mortgage and note . . . have been in continuous possession since March 1, 2009.” Notably, she did not say who had possession of the documents and her representation with respect to the mortgage was clearly in error, for the mortgage was not assigned to plaintiff by Mortgage Electric Registration Systems, Inc. until February 2010. Not surprisingly, that motion was withdrawn. A second motion, returnable in June 2012, was supported by the affidavit of Kevin Kerestes, an assistant vice-president of Bank of America, N.A. (hereinafter BANA), the loan servicing agent. Pertinent to the issue of physical possession, Kerestes averred that “plaintiff is the holder of the note and was assigned the mortgage prior to commencement of this action.” In denying the motion, Supreme Court observed that the Kerestes affidavit “fails to address how or when . . . plaintiff. . . was assigned the note and mortgage and by whom said note and mortgage was assigned.” The court did not address the issue of physical delivery of the note to plaintiff, but denied the motion without prejudice. A third motion was filed, returnable in February 2013, again supported by the Kerestes affidavit. In reply, however, plaintiff added the affidavit of David Richard, a vice-president of Resurgent Capital Services, LP, a sub-servicer for BANA. Based on a review of Resurgent’s records, which included copies of the note and mortgage, Richard averred that plaintiff “took possession of the note and mortgage in accordance with the Pooling and Servicing Agreement (PSA), dated April 1, 2006, and took physical possession of the note on April 1, 2006.”
The majority has determined that the Kerestes and Richard affidavits, combined, were sufficient to demonstrate that plaintiff had physical possession of the note prior to commencing the action. Given the sequence and discrepancies between the affidavits outlined above, I disagree. To begin, in finally granting the motion, Supreme Court makes no mention of the Richard affidavit, while concluding that the Kerestes “affidavit states that [BANA] holds the note and mortgage, which is now substantiated by plaintiff’s submissions.” Of course, the actual issue here is whether plaintiff, not BANA, took physical possession of the note prior to commencing the action. Neither Stein nor Kerestes addressed this operative point in either of their affidavits. The curious thing is that not until the third motion, in reply, did plaintiff put forth the affidavit of Richard. *1377 While Richard was entitled to rely on the records maintained by Resurgent as sub-servicer (see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 739 [2015]), he provided no explanation as to how plaintiff came into possession, or even how it was that he could confirm the date plaintiff took possession while Stein and Kerestes could not, when all were presumably provided with the same records (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 362 [2015]). Neither Stein, Kerestes nor Richard ever indicates that they examined the original note (compare Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739), nor can we assume that plaintiff took possession of the note upon the signing of the Pooling and Servicing Agreement on April 1, 2006. Under section 2.01 [a] of that agreement, the seller was required to deliver the note to plaintiff, as trustee, either on the closing date or within 30 days for any “Delay Delivery Mortgage Loans” — defined as a mortgage loan for which all or a portion of the related file was not delivered on the April 1, 2006 closing date. From this record, we have no basis upon which to determine whether the subject note falls into the delay category and, if so, nothing to show when the note was actually delivered. While credibility is not at issue on a summary judgment motion, it is my view that plaintiff’s submissions fall short in establishing a prima facie case that it has standing to pursue this action. At the very least, a hearing should have been held on the issue of physical delivery prior to a determination on the motion (see CPLR 3212 [c]).
Ordered that the order is affirmed, with costs.