U.S. Bank Trust, N.A. v Moomey-Stevens (2019 NY Slip Op 00016)





U.S. Bank Trust, N.A. v Moomey-Stevens


2019 NY Slip Op 00016


Decided on January 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 3, 2019

526630

[*1]U.S. BANK TRUST, N.A., as Trustee for LSF9 MASTER PARTICIPATION TRUST, Respondent,
v
ELIZABETH MOOMEY-STEVENS, Also Known as ELIZABETH STEVENS and ELIZABETH MOOMEY, et al., Appellants, et al., Defendants.

Calendar Date: November 15, 2018

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Sandra Poland Demars, Albany, for appellants.
Shapiro Dicaro & Barak LLC, Rochester (Jason P. Dionisio of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from an order of the Supreme Court (Crowell, J.), entered February 12, 2018 in Saratoga County, which, among other things, granted plaintiff's motion for summary judgment.
In October 2004, defendants Elizabeth Moomey-Stevens and David Stevens (hereinafter collectively referred to as defendants) executed a note to borrow $115,000 from Flagstar Bank, FSB that was secured by a mortgage, executed in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Flagstar Bank, FSB, on certain real property located in the Village of Ballston Spa, Saratoga County. Defendants defaulted under the note and mortgage by failing to make the requisite payment due on June 1, 2008. MERS thereafter assigned the mortgage to Countrywide Home Loans Servicing, L.P. and, in April 2009, Countrywide commenced a foreclosure action against defendants based upon their default. Defendants failed to answer and, in October 2009, filed a petition for bankruptcy. In May 2011, defendants' bankruptcy petition was dismissed and, thereafter, following a series of unsuccessful settlement conferences in the pending foreclosure action, no subsequent action was taken with respect thereto such that, in September 2015, Supreme Court — without rendering an order specifically dismissing the petition — "administratively closed" the file due to inactivity. In the interim, the mortgage was ultimately assigned to plaintiff. In February 2017, plaintiff filed a motion seeking to, among other things, restore the foreclosure action to Supreme Court's calendar, amend the caption and obtain entry of a default judgment in its favor. Defendants opposed the motion, arguing, in relevant part, that the action should be dismissed as abandoned pursuant to CPLR 3215 (c). In March 2017, Supreme Court denied plaintiff's motion and dismissed the action, without prejudice to plaintiff commencing a new action based upon the same transaction pursuant to CPLR 205 (a).
In August 2017, plaintiff then commenced this foreclosure action. Defendants answered, asserting multiple affirmative defenses, including plaintiff's lack of standing and that the action was barred by the applicable statute of limitations, to which plaintiff replied. In November 2017, defendants served plaintiff with certain discovery demands. Plaintiff failed to respond and, instead, the following month, moved for, among other things, summary judgment. Defendants opposed the motion, arguing, in relevant part, that plaintiff lacked standing insofar as it was not in possession of the note prior to the commencement of the action and that plaintiff was not entitled to the six-month savings provision to commence a new action pursuant to CPLR 205 (a) following Supreme Court's dismissal of the initial foreclosure action such that the present action was barred by the statute of limitations. Supreme Court rejected defendants' affirmative defenses and granted plaintiff's motion for summary judgment. Defendants now appeal.
Defendants contend that plaintiff's mortgage foreclosure action was barred by the statute of limitations as it was commenced more than six years from the date that the subject mortgage was previously accelerated (see CPLR 213 [4]), and that Supreme Court erred when it provided plaintiff an additional six months to commence suit pursuant to CPLR 205 (a) following its dismissal of the prior mortgage foreclosure action as abandoned (see CPLR 3215 [c])[FN1]. Specifically, defendants argue that Supreme Court's dismissal of the prior foreclosure action was akin to a dismissal for neglect to prosecute such that the CPLR 205 (a) tolling provision was inapplicable. We disagree. Pursuant to CPLR 205 (a), "[i]f an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."
Here, Supreme Court's dismissal of the prior mortgage foreclosure action was granted based upon abandonment pursuant to CPLR 3215 (c) and not neglect to prosecute pursuant to CPLR 3216 [FN2]. Although Supreme Court's prior order of dismissal noted that plaintiff had "completely failed to offer a reasonable excuse for the delay between May 30, 2013 and March 11, 2016" in seeking entry of a default judgment, it did not otherwise "include any findings of specific conduct demonstrating 'a general pattern of delay in proceeding with the litigation'" (Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 198 [2017], appeal dismissed 29 NY3d 1023 [2017], quoting CPLR 205 [a]; see Bank of N.Y. Mellon v Slavin, 156 AD3d 1073, 1073-1074 [2017]; compare Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 520-521 [2005]). In fact, it was only in response to plaintiff's motion seeking to restore this action to Supreme Court's calendar that defendants — who were otherwise in default — raised the issue of abandonment pursuant to CPLR 3215 (c). Accordingly, under the circumstances, we find that Supreme Court did not err in allowing plaintiff to commence a new action pursuant to CPLR 205 (a) and that this action was timely commenced within six months following the prior dismissal.
Defendants also contend that plaintiff was not entitled to summary judgment because it failed to establish standing. When a defendant raises standing as an affirmative defense, it is incumbent on plaintiff to prove that it has standing in order to be entitled to affirmative relief (see JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d 1198, 1199 [2017]; Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015]). To establish standing, plaintiff was required to submit proof demonstrating that it was "both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (Goldman Sachs Mtge. Co. v Mares, ___ AD3d ___, ___, 2018 NY Slip Op 07389, *2 [2018] [internal quotation marks and citations omitted]; see U.S. Bank Trust, N.A. v Varian, 156 AD3d 1255, 1256 [2017]; Bank of N.Y. Mellon v Cronin, 151 AD3d 1504, 1505-1506 [2017], appeal dismissed 31 NY3d 1061 [2018]). As the note is the dispositive instrument that confers standing to foreclose (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]; JP Morgan Chase Bank, N.A. v Hill, 133 AD3d 1057, 1058-1059 [2015]), "either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d at 1200 [internal quotation marks, brackets and citation omitted]).
Here, plaintiff failed to demonstrate that it has standing as the assignee of the mortgage from MERS. By its express terms, the initial written assignment from MERS only assigns the mortgage, not the note, and no proof was submitted establishing that MERS was ever conferred with the requisite authority to assign the note (see JP Morgan Chase Bank, N.A. v Venture, 148 AD3d 1269, 1270 [2017]; Bank of N.Y. v Silverberg, 86 AD3d 274, 281 [2011]). Moreover, contrary to Supreme Court's holding, this Court has held that merely attaching the note with a blank indorsement to the complaint is not sufficient for plaintiff to meet its prima facie burden on the issue of standing or to prove plaintiff's possessory interest in the note; proof of actual possession is required (see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738-739 [2015]; Bank of Am., N.A. v Kyle, 129 AD3d 1168, 1169 [2015]; see also UCC 3-204 [2]; compare US Bank N.A. v Coppola, 156 AD3d 934, 935 [2017]; Bank of N.Y. Mellon v Knowles, 151 AD3d 596, 597 [2017]).
Plaintiff similarly failed to establish its standing by demonstrating that it had physical possession of the note at the time of the commencement of the action. In support of its motion for summary judgment, plaintiff submitted, among other things, a copy of its complaint, the mortgage, the unpaid note (indorsed in blank), the relevant assignments of the mortgage and proof of defendants' default. Plaintiff also tendered the affidavit of the authorized officer for Caliber Home Loans, Inc., the mortgage loan servicing agent and attorney-in-fact for plaintiff [FN3]. The affidavit of the authorized officer indicates the source of her knowledge to be her "review of the electronic records of Caliber Home Loans, Inc." regarding defendants' delinquent account, which includes, among other things, "electronic images of the note and electronic records maintained by Caliber Home Loans, Inc." Other than alleging that she reviewed these electronic records, the authorized officer's affidavit fails to provide any indication that she actually examined the original note, nor did it provide any details with regard to whether plaintiff ever obtained possession thereof and, if so, how and when it came into its possession (see Wells Fargo Bank, N.A. v Walker, 141 AD3d 986, 988 [2016]; JP Morgan Chase Bank, N.A. v Hill, 133 AD3d 1057, 1058-1059 [2015]). Moreover, the complaint is equivocal and alleges in the alternative that plaintiff is "the current owner and holder of the subject mortgage and note, or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note." Such language is insufficient to establish that plaintiff had [*2]physical possession of the note at the time it commenced this action (see Bank of Am., N.A. v Kyle, 129 AD3d at 1169-1170).
Defendants also specifically sought discovery with respect to when plaintiff took physical possession of the original note, from what entity it received it, what it paid for same, as well as "a first generation copy of the original [n]ote and all original [a]llonges to the note" and "evidence of the physical transfer of the original [n]ote from origination to its current location." Plaintiff, however, failed to provide any discovery prior to filing its motion for summary judgment. Accordingly, inasmuch as the proof submitted was not sufficient to establish that plaintiff had standing through assignment or actual physical possession of the note at the time it commenced the instant mortgage foreclosure action, plaintiff failed to demonstrate its entitlement to summary judgment. Rather, Supreme Court should have compelled plaintiff's disclosure of the original note pursuant to defendants' discovery request prior to granting plaintiff's motion for summary judgment (see JP Morgan Chase Bank, N.A. v Hill, 133 AD3d at 1058-1059; compare Green Tree Servicing LLC v Bormann, 157 AD3d 1112, 1115 [2018]; Bank of N.Y. Mellon v McClintock, 138 AD3d 1372, 1374-1375 [2016]). Based on our holding, defendants' remaining contentions have been rendered academic.
Garry, P.J., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment; said motion denied; and, as so modified, affirmed.



Footnotes

Footnote 1: Supreme Court's dismissal of the prior mortgage foreclosure action pursuant to CPLR 3215 (c) did not state that it constituted an adjudication on the merits and, therefore, defendants were not precluded from litigating the CPLR 205 (a) tolling provision issue (see e.g. Rodrigues v Samaras, 117 AD3d 1022, 1024 [2014]).

Footnote 2: Defendants do not dispute that the subject foreclosure action would have been timely commenced at the time of commencement of the prior foreclosure action, that the instant foreclosure action is based on the same occurrence as the prior action and the dismissal was not based upon a voluntary discontinuance, lack of personal jurisdiction or a final judgment on the merits (see CPLR 205 [a]). Defendants also concede that, if the tolling or savings provision provided for by CPLR 205 (a) is found to be applicable, plaintiff's action was otherwise timely commenced within the applicable six-month period following dismissal of the prior action.

Footnote 3: We find without merit defendants' contention that Supreme Court erred by not disregarding the affidavit of the authorized officer based upon her alleged lack of personal knowledge and the fact that Caliber Home Loans, Inc. was neither a named plaintiff nor the proper document custodian. Plaintiff appointed Caliber Home Loans, Inc. via a limited power of attorney as its attorney-in-fact and loan servicing agent, and the authorized officer averred that she had personal knowledge of the subject loan transaction such that her affidavit was admissible in consideration of whether plaintiff established that it had standing (see e.g. Citibank, NA v Abrams, 144 AD3d 1212, 1216 [2016]).