People v Williams (2021 NY Slip Op 50318(U))

[*1]

People v Williams (Collis)

2021 NY Slip Op 50318(U) [71 Misc 3d 131(A)]

Decided on April 15, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 15, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2019-1231 N CR

The People of the State of New York,
Respondent,
against
Collis Williams, Appellant. 

Thomas R. Villecco, for appellant.
Nassau County District Attorney (Yael V. Levy and Hilda Mortensen of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Paul L. Meli,
J.), rendered July 1, 2019. The judgment convicted defendant, upon a jury verdict, of aggravated
unlicensed operation of a motor vehicle in the third degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a jury trial, defendant was convicted of aggravated unlicensed operation of a
motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]). On appeal,
defendant contends that the judgment of conviction should be reversed and the accusatory
instrument dismissed because the mailing records of the Department of Motor Vehicles (DMV)
contained United States Postal Service (USPS) hearsay statements and information and should
have not been admitted into evidence, and that the testimony of the DMV employee, along with
the admission of the mailing records into evidence, violated defendant's Sixth Amendment right
to confrontation.
A review of the record indicates that defense counsel did not object to the testimony of the
DMV employee, or to the admission of any document into evidence, on Confrontation Clause
grounds, and, therefore, this contention is unpreserved for appellate review (see CPL
470.05 [2]; People v Liner, 9 NY3d 856, 856-857 [2007]; People v Fleming, 70
NY2d 947 [1988]; People v Gibson,
163 AD3d 586, 587 [2018]; People
v Marino, 21 AD3d 430 [2005]; People v Bones, 17 AD3d 689 [2005]; see also Crawford v
Washington, 541 US 36 [2004]), and we decline to consider it in the interest of justice.
Defendant's contention that the mailing records, which included information provided by the
USPS, were inadmissible because they were created in [*2]preparation for litigation is similarly unpreserved for appellate
review as defendant raised no such argument in the District Court (see CPL 470.05
[2]).
In any event, the portions of the mailing records regarding acts done by, and documents
made by, the DMV were properly admitted into evidence as business records (see CPLR
4518). While it is well settled that "the mere filing of papers received from other entities, even if
they are retained in the regular course of business, is insufficient to qualify the documents as
business records" (People v Cratsley, 86 NY2d 81, 90 [1995] [internal quotation marks
and citation omitted]; see also Deutsche
Bank Natl. Trust Co. v Monica, 131 AD3d 737, 739 [2015]), these records are
nevertheless admissible if the recipient can establish personal knowledge of the maker's business
practices and procedures, or the recipient can establish that the records provided by the maker
were incorporated into the recipient's own records, or are routinely relied upon by the recipient in
its business (see People v Cratsley, 86 NY2d at 90-91; Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780,
782-783 [2019]; Bank of NY Mellon v
Gordon, 171 AD3d 197, 200-203 [2019]; Deutsche Bank Natl. Trust Co. v
Monica, 131 AD3d at 739; State of
New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d 1293, 1296
[2012]).
Here, since the DMV employee testified that the USPS postal identification numbers
included in the mailing records, along with other USPS information, are included as a regular
part of these records, the District Court properly admitted the records into evidence, as the DMV
empolyee established that the USPS records were incorporated into the DMV's own records
(see People v Cratsley, 86 NY2d at 90-91).
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 15, 2021