■ THERESA LYNNE HALSEY, Plaintiff, v COUNTY OF MADISON, Respondent, and ROBERT D. HOUSER et al., Appellants, et al., Defendant. [626 NYS2d 311] —White, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered June 27, 1994 in Madison County, which, *inter alia,* granted defendant County of Madison's cross motion for summary judgment dismissing the complaint and all cross claims against it.

This personal injury action arises from a motor vehicle accident which occurred on August 5, 1992 at the intersection of Kirkville Road and Chestnut Ridge Road in the Town of Sullivan, Madison County. Plaintiff attributes the accident to the failure of defendant Robert D. Houser to obey a stop sign and the failure of defendant County of Madison to provide for a four-way traffic light or four-way stop sign at the intersection.

Following joinder of issue, Houser and defendant Canastota Concrete Company (hereinafter collectively referred to as Houser) served a notice for discovery and inspection upon the County against which they had asserted a cross claim for contribution. Dissatisfied with the County's response, Houser moved to compel disclosure. The County, in turn, cross-moved for summary judgment dismissing the complaint and all cross claims asserted against it.

Upon its analysis of the facts, Supreme Court concluded that the County's alleged failure to erect additional signs or lights could not be deemed a proximate cause of the accident since the accident was attributable solely to the inattentiveness and negligence of one or both drivers. It then proceeded to grant the County's cross motion and dismiss Houser's motion as moot.* Houser appeals.

We affirm. We concur with Supreme Court's analysis and conclusion *(see, Applebee v State of New York,* 308 NY 502, 507-508; *Levitt v County of Suffolk,* 145 AD2d 414) and accordingly reject Houser's argument that the award of summary judgment was premature because Houser failed to demonstrate how further discovery might reveal the existence of

---

* Acknowledging that her action against the County was untimely, plaintiff consented to a dismissal.

facts, allegedly within the exclusive knowledge of the County, which would warrant the denial of summary judgment *(see, Home Sav. Bank v Arthurkill Assocs.,* 173 AD2d 776, *lv dismissed* 78 NY2d 1071).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.