■ ROBERT M. SPILKY, Doing Business as EQUI-FUNDING UNLIMITED, Respondent, v BERNARD H. LA LONE, JR., P. C., et al., Defendants, and SUSAN L. LA LONE, Defendant and Third-Party Plaintiff-Appellant. BERNARD H. LA LONE, JR., et al., Third-Party Defendants. (Action No. 1.) BERKELEY FEDERAL BANK & TRUST, F.S.B., Respondent, v SUSAN L. LA LONE, Appellant, et al., Defendants. (Action No. 2.) [641 NYS2d 916] —Crew III, Jr. Appeal from an order of the Supreme Court (Mugglin, J.), entered April 5, 1995 in Delaware County, which, *inter alia*, granted plaintiff's motion to foreclose three mortgages upon real estate owned by defendant Susan Lakin La Lone in action No. 1 and granted plaintiff's motion for summary judgment to foreclose on the first mortgage on said property in action No. 2.

On or about May 13, 1985, defendant Susan Lakin La Lone (hereinafter Lakin) executed a deed conveying certain property located in the Town of Walton, Delaware County, to defendant Bernard H. La Lone, Jr., P. C. (hereinafter La Lone, P. C.), a professional corporation owned and operated by her then-

husband, Bernard H. La Lone, Jr. (hereinafter La Lone), a third-party defendant in action No. 1 and a defendant in action No. 2. That same day, La Lone, P. C. borrowed $112,500 from Long Island Savings Bank, F.S.B., predecessor in interest to plaintiff Berkeley Federal Bank & Trust, F.S.B. (hereinafter Berkeley), executing a note and mortgage on the property as collateral.[1] Both the deed and the mortgage were duly recorded in the County Clerk's Office on September 23, 1985. La Lone, P. C. thereafter borrowed a total of $140,000 from plaintiff Robert M. Spilky, doing business as Equi-Funding Unlimited (hereinafter Equi-Funding), on three occasions between June 1986 and February 1987, with each of these loans also being secured by the property previously conveyed by Lakin.

Lakin and La Lone's marriage apparently deteriorated, and on March 2, 1987 La Lone, P. C. executed a deed conveying the property in question back to Lakin. Shortly thereafter, on June 4, 1987, Lakin and La Lone entered into a separation agreement, pursuant to the terms of which La Lone expressly agreed to pay and discharge the Berkeley and Equi-Funding mortgages.

Following an apparent period of nonpayment, Equi-Funding commenced a foreclosure action in March 1990 against, among others, La Lone, P. C. and Lakin, both of whom answered and asserted various affirmative defenses and counterclaims. Additionally, in May 1990, Lakin commenced a third-party action against, among others, La Lone. Thereafter, in March 1993, Berkeley commenced a foreclosure action against, among others, Lakin and Equi-Funding, and Lakin answered and asserted affirmative defenses and counterclaims.

In November 1994, La Lone moved to, *inter alia*, dismiss Lakin's third-party action against him, and shortly thereafter Equi-Funding cross-moved for, *inter alia*, partial summary judgment against La Lone, P. C. and Lakin on the issue of liability and for dismissal of the various affirmative defenses and counterclaims. Berkeley also moved for summary judgment with respect to its foreclosure action. Supreme Court, *inter alia*, granted Berkeley's motion for summary judgment

---

1. Inasmuch as Berkeley has been substituted as plaintiff in action No. 2, all references to transactions involving or motions made by Long Island Savings Bank, F.S.B. will be to Berkeley.

and denied Equi-Funding's cross motion for partial summary judgment. This appeal by Lakin followed.

Although Lakin does not appear to dispute that Berkeley satisfied its initial burden on its motion by demonstrating its entitlement to judgment as a matter of law, she asserts that questions of fact remain regarding certain of her defenses and, as such, Supreme Court erred in granting Berkeley's motion for summary judgment. We cannot agree.

As a starting point, Lakin contends that the deed in question was not properly acknowledged and, as such, it is not effective as against subsequent purchasers or encumbrancers (see, Real Property Law § 243). A review of the record, however, discloses that the deed bears both the signature of "Susan Lakin La Lone" and an acknowledgment of a notary public. Thus, the deed on its face is properly subscribed and acknowledged, thereby giving rise to a presumption of due execution, which may be rebutted only upon a showing of clear and convincing evidence to the contrary (see generally, Son Fong Lum v Antonelli, 102 AD2d 258, 260-261, affd 64 NY2d 1158). Although Lakin contends that she should not be held to this high standard here, the record reflects that regardless of the burden of proof applied, Lakin's submissions are insufficient to defeat Berkeley's motion for summary judgment.

In this regard, Lakin asserts only that she never appeared before the notary public who acknowledged the deed and that her signature thereon may not be authentic. Turning first to the issue of the alleged forgery, an argument first advanced by Lakin in opposition to Berkeley's motion for summary judgment, we need note only that Lakin does not unequivocally state that the signature on the deed is not hers. Additionally, the handwriting samples submitted by Lakin are not sufficiently different from the alleged forgery to raise a question of fact in this regard (compare, Poughkeepsie Sav. Bank v Tyson, 170 AD2d 818, 820).

As for Lakin's claim that she never appeared before the notary public in question, not only is her conclusory assertion insufficient to defeat Berkeley's motion, but her argument in this regard is completely belied by her conduct subsequent to the execution of the May 1985 deed. If, as Lakin contends, the May 1985 deed was forged and improperly acknowledged, her acceptance of the March 1987 deed conveying the property back to her would have been entirely meaningless. Similarly, if Lakin believed the deed to be invalid and the subsequent encumbrances therefore ineffective, it is inconceivable that she would enter into a separation agreement with La Lone that

expressly acknowledged the existence of the subject mortgages on property that she now owned.[2] Lakin's remaining arguments have been examined and found to be lacking in merit.

As a final matter, the record indicates that Equi-Funding's cross motion for partial summary judgment against La Lone, P. C. and Lakin was properly denied. The affidavits and documentary evidence submitted by La Lone are sufficient to raise a question of fact both as to the indebtedness owed to Equi-Funding and the extent to which it has been repaid.[3]

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

2. Lakin should not infer from our holding that we have resolved any credibility issues against her. To the contrary, our decision merely reflects that in view of her documented conduct following the execution of the May 1985 deed, her conclusory assertions regarding the deed's validity are insufficient to defeat Berkeley's motion.

3. Although Equi-Funding did not file a notice of appeal, this Court is not precluded from reviewing Supreme Court's denial of Equi-Funding's motion in this regard (*see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111).