█ STEVEN L. AARON, Appellant, v PATTISON, SAMPSON, GINSBERG & GRIFFIN, P.C., Respondent. (Action No. 1.) PATTISON, SAMPSON, GINSBERG & GRIFFIN, P.C., Respondent, v STEVEN L. AARON et al., Appellants, et al., Defendants. (Action No. 2.) PATTISON, SAMPSON, GINSBERG & GRIFFIN, P.C., Respondent, v STEVEN L. AARON et al., Appellants. (Action No. 3.) [893 NYS2d 352]—

Cardona, P.J.

In relation to these three actions,[1] Steven L. Aaron, F&K Supply, Inc., and Never More Now Corporation[2] (hereinafter collectively referred to as Aaron) moved to compel Pattison, Sampson, Ginsberg & Griffin, P.C.[3] (hereinafter PSGG) to comply with a request for documents primarily concerning attorney Gerald Katzman. PSGG cross-moved for an protective order as to the requested materials and also sought counsel fees and costs associated with the motions pursuant to 22 NYCRR 130-1.1 (a). Supreme Court denied Aaron's motion to compel, partially granted PSGG's cross motion for an protective order, and awarded costs and counsel fees. Aaron appeals.[4]

Initially, we find that Aaron substantially complied with 22 NYCRR 202.7 (a) and, accordingly, we consider the motion to compel on the merits. Specifically, Aaron seeks documents showing Katzman's time entries and billings related to other client matters; documents showing Katzman's employment contracts, partnership agreements and income; evidence of loans to Katzman by PSGG; evidence of any malpractice suits against Katzman; claims against Katzman made to the Committee on Professional Standards; documents showing Katzman's absences from work, including vacation, personal and sick time; and documents pertaining to Katzman's reviews, disciplinary actions, internal grievances, demotions and promotions. As Aaron has failed to demonstrate that these materials are in any way material and necessary to proving a claim of legal malpractice (*see AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]) or to defending against PSGG's claims for counsel fees, the motion to compel must be denied (*see* CPLR 3101 [a]). Furthermore, under the same rationale, we find that Supreme

---

1. Action No. 1 sounds in legal malpractice. Action Nos. 2 and 3 seek counsel fees.

2. Aaron is the plaintiff in action No. 1 and a defendant in action Nos. 2 and 3. F&K Supply is a defendant in action Nos. 2 and 3. Never More Now is a defendant in action No. 2.

3. Pattison, Sampson, Ginsberg & Griffin is the defendant in action No. 1 and the plaintiff in action Nos. 2 and 3.

4. While an appeal from an intermediate nonfinal order must be dismissed upon entry of a final judgment (*see Doherty v Schuyler Hills, Inc.*, 55 AD3d 1174, 1175 [2008]), the amended order appealed from here is a final order and, therefore, contrary to PSGG's contention, the right of direct appeal did not terminate upon entry of the judgments (*see Bright v McGowan*, 63 AD3d 1239, 1240 n 1 [2009]).

Court did not abuse its discretion in granting the protective order (*see* CPLR 3103 [a]). Nor do we find an abuse of discretion in the award of counsel fees and costs on the motion (*see* 22 NYCRR 130-1.1 [a]). As set forth in the court's amended order, Aaron's motion to compel the production of the patently immaterial and unnecessary information detailed above was nothing more than a "fishing expedition" made for the "illegitimate purpose" of "uncovering facts supporting insufficient, conclusory allegations."

Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the amended order is affirmed, with one bill of costs.