14-3588
*Cruz v. Walsh*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand fifteen.

PRESENT:    ROBERT A. KATZMANN,
                        *Chief Judge,*
                    RALPH K. WINTER,
                    JOHN M. WALKER, JR.,
                        *Circuit Judges.*

_____

Derrick Cruz, AKA David Cruz,

     *Petitioner-Appellant*,

         v.                                    No. 14-3588

James Walsh, Superintendent, et al, Eric Pfisterer,
U.S. Attorney, Bureau of Prisons,

     *Respondents-Appellees*.

_____

| | |
|---|---|
| For Petitioner-Appellant: | Derrick Cruz, *pro se*, Fort Dix, NJ. |
| For Respondents-Appellees: | Benjamin H. Torrance, Jacob Lillywhite, Ellen London, David S. Jones, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, *S.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Derrick Cruz, a federal prisoner proceeding *pro se*, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Cruz challenged the Bureau of Prisons (BOP)'s denial of his request to designate, *nunc pro tunc*, the state correctional facility where he was then serving a state sentence as the place of imprisonment for purposes of his federal sentence so that his state and federal sentences could run concurrently. Cruz's petition also challenged the BOP's determination that it could not give him credit toward his federal sentence for time spent in official detention between July 17, 1995, and May 13, 1996, because that time had already been credited to a prior state sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's denial of a petition for a writ of habeas corpus brought pursuant to § 2241 de novo and review any factual findings for clear error." *Lugo v. Hudson*, 785 F.3d 852, 854 (2d Cir. 2015) (per curiam).

We conclude that the district court properly denied Cruz's § 2241 petition. The court correctly ruled that Cruz's separation of powers and due process claims were foreclosed by our precedent recognizing that, when a federal sentencing court is silent as to whether its sentence should be served consecutively to or concurrently with an anticipated state sentence, the BOP is authorized to make that determination. *See Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005); *McCarthy v. Doe*, 146 F.3d 118, 122-23 (2d Cir. 1998). The court also correctly ruled that the BOP did not abuse its discretion in denying Cruz's request for a *nunc pro tunc* designation

2

based on its determination that his federal sentence was not intended to be served concurrently with his anticipated state sentence. After the BOP solicited the sentencing court's position on Cruz's request for a *nunc pro tunc* designation, the court unequivocally stated that Cruz's sentences should be served consecutively, and it would "object to a favorable designation by the Bureau of Prisons in this case." R.A. 431.

Cruz contends that his sentences should have been presumed to run concurrently, or else that his federal sentence should have begun immediately when it was imposed, either because the United States, and not the State of New York, had primary jurisdiction over him, or because his sentence began when a federal detainer was lodged against him on the day of his return to state custody. The district court properly deemed these assertions to be without merit. New York gained primary jurisdiction over Cruz when he was arrested pursuant to a New York warrant, retained that jurisdiction throughout his federal proceedings, and did not relinquish that jurisdiction until he had completed his state sentences. *See In re Liberatore*, 574 F.2d 78, 89 (2d Cir. 1978). Cruz's continued detention following his federal sentencing was due to the fact that he was awaiting trial in state court, and was therefore not solely the result of the federal detainer.

Cruz's argument that concurrency should be presumed is also without merit. As the Magistrate Judge's report and recommendation noted, insofar as any intent could be gleaned from the sentencing court's silence, "it [was] most likely that the court intended [Cruz's] sentences to run consecutively," as the court was aware at sentencing that there were state charges pending against Cruz, and, owing to the state's primary jurisdiction, he would have to serve any state sentence before starting his federal sentence.

3

Finally, the district court did not clearly err in finding that the New York State Department of Corrections and Community Supervision had already credited Cruz's 1993 state sentence for the period of detention between July 17, 1995, and May 13, 1996. Consequently, the court correctly held that Cruz was not entitled to have his federal sentence credited for the same period. *See* 18 U.S.C. § 3585(b).

We have considered all of Cruz's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4