■ BANK OF NEW YORK MELLON, Formerly Known as BANK OF NEW YORK, as Trustee for the Certificate Holders of CWABS,

Clark, J. Appeal from an order of the Supreme Court (Crowell, J.), entered April 7, 2016 in Saratoga County, which, among other things, granted plaintiff's motion for summary judgment.

In 2007, defendant Suzanne Cronin executed a note in favor of America's Wholesale Lender in the amount of $405,450. The note was secured by a mortgage on certain real property in the Town of Clifton Park, Saratoga County issued in favor of Mortgage Electronic Registrations Systems, Inc., as nominee for America's Wholesale Lender. In November 2008, Cronin entered into a loan modification agreement that increased the principal balance of the existing mortgage to $427,977.76 and, shortly thereafter, she defaulted on the modified loan. The mortgage was assigned to plaintiff in May 2013 and, several weeks later, plaintiff commenced this mortgage foreclosure action. Cronin joined issue and asserted various affirmative defenses, including lack of standing.

In January 2015, Cronin executed a bargain and sale deed that conveyed the property to herself and defendant Robert Garassi as tenants in common. Supreme Court granted Garassi's subsequent motion to intervene pursuant to CPLR 1012 (a) (3) and amended the caption accordingly. However, Supreme Court did not permit Garassi to interpose an answer and deemed Cronin's answer to also be Garassi's answer. After Supreme Court denied Cronin's motion to compel plaintiff's response to her combined discovery demands, plaintiff moved for summary judgment striking the answer and appointing a referee to compute the amount due. Cronin cross-moved for summary judgment dismissing the complaint or to compel disclosure, and Garassi separately cross-moved for summary judgment dismissing the complaint. Supreme Court, as relevant here, granted plaintiff's motion and denied the respective cross motions of Cronin and Garassi (hereinafter collectively referred to as defendants). Defendants now appeal.

We affirm. To establish its prima facie entitlement to summary judgment in a mortgage foreclosure action, a plaintiff must submit the mortgage, unpaid note and evidence of the mortgagor's default (see Wells Fargo Bank, N.A. v Walker, 141 AD3d 986, 987 [2016]; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738 [2015]). Where, as here, a challenge is made

to the plaintiff's standing to maintain the action, the plaintiff must also demonstrate that, at the time that the action was commenced, it was the holder or assignee of the mortgage and the holder or assignee of the underlying note (*see U.S. Bank N.A. v Carnivale*, 138 AD3d 1220, 1220-1221 [2016]; *Wells Fargo Bank, NA v Ostiguy*, 127 AD3d 1375, 1376 [2015]; *Chase Home Fin., LLC v Miciotta*, 101 AD3d 1307, 1307 [2012]). However, "it is not necessary to have possession of the mortgage at the time the action is commenced," as "[a] transfer in full of the [note] obligation automatically transfers the mortgage as well[,] unless the parties agree that the transferor is to retain the mortgage" (*Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *see Everhome Mtge. Co. v Pettit*, 135 AD3d 1054, 1055 [2016]). As such, it is the note, rather than the mortgage, that conveys standing to foreclose (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361; *Deutsche Bank Natl. Trust Co. v Monica*, 131 AD3d at 738). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *accord Chase Home Fin., LLC v Miciotta*, 101 AD3d at 1307; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361).

Here, plaintiff produced evidence of the mortgage, the loan modification agreement, the unpaid note and Cronin's default, thereby establishing its prima facie entitlement to summary judgment (*see JP Morgan Chase Bank, N.A. v Venture*, 148 AD3d 1269, 1270 [2017]; *Deutsche Bank Natl. Trust Co. v Monica*, 131 AD3d at 738). To establish its standing to maintain the action, plaintiff proffered the affidavits of Kindra Denny, Julie Brandstetter and Kyra Schwartz. Denny, an employee of Ditech Financial LLC, plaintiff's attorney-in-fact, stated that plaintiff was the holder of the note and was assigned the mortgage prior to the commencement of this action. Brandstetter, an officer of Bank of America, N.A. (hereinafter BANA), plaintiff's prior servicing agent, averred that BANA created and maintained records in its regular course of business as plaintiff's prior servicing agent and that, based upon her review of these records, BANA had received the original note in January 2007 and the mortgage in March 2007. She stated that BANA maintained the note and mortgage in a secure file room until they were, upon request, shipped to the offices of plaintiff's counsel. Schwartz, an employee at that law firm, asserted that, in its ordinary course of business, the firm received loan documents from clients, created and maintained records documenting the receipt of those documents at or about the

time that they were received and placed the original loan documents in secure storage. Schwartz stated that, based upon her review of these records, the firm had received the original note on June 30, 2011 and that, upon comparison to the original note that was in storage under the firm's custody on behalf of plaintiff, the copy of the note attached to her affidavit was true and accurate. Together, these affidavits were sufficient to establish that plaintiff was the holder of the note prior to and at the time that this action was commenced (*see PennyMac Corp. v Chavez*, 144 AD3d 1006, 1007 [2016]; *U.S. Bank N.A. v Carnivale*, 138 AD3d at 1221; *HSBC Bank USA, N.A. v Sage*, 112 AD3d 1126, 1127 [2013], *lvs dismissed* 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]).

In opposition, defendants did not produce any evidence that conflicted with, or contradicted, the factual averments contained in the affidavits of Denny, Brandstetter and Schwartz, or otherwise raise an issue of fact as to whether plaintiff was the holder of the note and the mortgage at the commencement of this action (*see U.S. Bank N.A. v Carnivale*, 138 AD3d at 1222; *Everhome Mtge. Co. v Pettit*, 135 AD3d at 1055). While Cronin argues that Supreme Court deprived defendants of the opportunity to conduct discovery and, thus, the ability to adequately oppose plaintiff's motion, defendants did not offer any affidavits attesting to the existence of admissible evidence that would raise a triable issue of fact as to plaintiff's entitlement to summary judgment as a matter of law (*see Chemical Bank v PIC Motors Corp.*, 58 NY2d 1023, 1026 [1983]; *Halsey v County of Madison*, 215 AD2d 824, 824-825 [1995]; *Lowrey v Cumberland Farms*, 162 AD2d 777, 778-779 [1990]). Nor is the award of summary judgment to plaintiff precluded by Garassi's misplaced argument that plaintiff lacks the capacity to commence this action because it is operating as a business trust without having filed a certificate of designation. Plaintiff is the trustee of a trust fund conveyed by the relevant pooling and serving agreement; it is not a business trust, as that term is defined in General Associations Law § 2 (2) (*see Brown v Bedell*, 263 NY 177, 186-189 [1934]; *Byrnes v Chase Natl. Bank*, 225 App Div 102, 108 [1928], *affd* 251 NY 551 [1929]). Accordingly, as defendants failed to raise a triable issue of fact in opposition to plaintiff's motion, Supreme Court properly granted summary judgment to plaintiff.

Garassi's additional argument that plaintiff failed to comply with Tax Law § 258 is unpreserved for our review (*see Science Applications Intl. Corp. v Environmental Risk Solutions, LLC*, 132 AD3d 1161, 1168-1169 [2015]). To the extent that we have

not addressed any of defendants' remaining arguments, they have been examined and found to be without merit.

Garry, J.P., Lynch, Rose and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.