■ BAC Home Loans Servicing, LP, Formerly Known as Countrywide Home Loans Servicing, L.P., Respondent, v Anthony Uvino et al., Appellants, et al., Defendants. [64 NYS3d 377]—

McCarthy, J.P. Appeals (1) from two orders of the Supreme Court (Bartlett III, J.), entered May 10, 2016 and June 30, 2016 in Schoharie County, which granted plaintiff's motion for, among other things, summary judgment, and (2) from a judgment of said court, entered May 30, 2017 in Schoharie County, which granted plaintiff's motion for a judgment of foreclosure and sale.

In 2001, defendant Anthony Uvino (hereinafter Uvino) executed a note and a mortgage secured by real property, in favor of Countrywide Home Loans, Inc. In 2008, Uvino took out a second loan secured by the same real property. At the same time, he consolidated the two loans, executing a consolidated note and consolidated mortgage in favor of Countrywide Bank FSB. Both the original and consolidated mortgages were assigned various times over the years.

In June 2010, plaintiff initiated the instant foreclosure action alleging that Uvino had been in default on his loan since August 1, 2009. Uvino answered, asserting various defenses and counterclaims, including that plaintiff lacked standing to bring the action and that the mortgage was obtained by fraud. Plaintiff moved for, among other things, summary judgment. Supreme Court found that plaintiff submitted proof of Uvino's default and that plaintiff possessed the note at the time the action was commenced, but Uvino did not raise any triable issues of fact. Accordingly, the court granted plaintiff's motion for summary judgment. By separate order, the court again stated that it was granting summary judgment to plaintiff, and ap-

pointed a referee to compute the amount owed. After the referee issued a report, plaintiff moved for a judgment of foreclosure and sale, which the court granted. Uvino and his wife, defendant Ann Uvino (hereinafter collectively referred to as defendants),[1] now appeal from both orders and the judgment.[2]

Initially, defendants argue that Supreme Court erred in declining to consider their surreply papers. The record does not contain any support for their argument that the parties stipulated that defendants could submit such papers, nor that the court approved of such submissions.[3] Surreply papers are not explicitly permitted by the statute that addresses motion papers. That statute provides for a notice of motion and supporting affidavits, answering affidavits and supporting papers, and any reply or responding affidavits (see CPLR 2214 [b]). The statute further states that "[o]nly papers served in accordance with the provisions of this rule shall be read in support of, or in opposition to, the motion, unless the court for good cause shall otherwise direct" (CPLR 2214 [c]). Under the circumstances, where the record does not indicate that defendants ever sought permission from the court to submit surreply papers, we cannot conclude that the court abused its discretion in disregarding defendant's surreply papers when deciding plaintiff's motion (see HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 985 [2015]; compare Matter of Kennelly v Mobius Realty Holdings LLC, 33 AD3d 380, 382 [2006]). In any event, the information contained in the surreply papers was insufficient to raise a triable issue of fact so as to preclude summary

---

**1.** Ann Uvino was not explicitly named as a defendant in the complaint, but is now identifying herself as one of the "John Doe" defendants, presumably because she resides at the property that is the subject of the consolidated mortgage at issue. For purposes of this appeal, we treat her as a defendant.

**2.** Although an appeal from an intermediate nonfinal order must be dismissed upon entry of a final judgment, the orders granting summary judgment here are final orders; therefore, contrary to the parties' contention, the right of direct appeal from those orders did not terminate upon entry of the judgment of foreclosure and sale (see WFE Ventures, Inc. v Mills, 139 AD3d 1157, 1159 [2016]; Aaron v Pattison, Sampson, Ginsberg & Griffin, P.C., 69 AD3d 1084, 1085 n 4 [2010]). Accordingly, all three appeals are properly before us.

**3.** Plaintiff's appendix contains a stipulation in which defendants consent to an adjournment of the motion, and the parties set a date for the submission of plaintiff's reply papers and defendants' surreply papers. However, this stipulation is not contained in the record on appeal. Plaintiff's appendix also contains a letter from Supreme Court—again not contained in the record—listing the documents submitted on the motion and stating that the motion is considered fully submitted. Even if that letter was contained in the record, it does not indicate that the court agreed to consider all of the listed documents.

judgment in plaintiff's favor (*see SEFCU v Allegra Holdings, LLC*, 148 AD3d 1241, 1242 [2017]).

On the merits, plaintiff established its prima facie entitlement to summary judgment in this foreclosure action by submitting evidence of the mortgage, unpaid note and Uvino's default (*see Nationstar Mtge., LLC v Alling*, 141 AD3d 916, 917 [2016]; *U.S. Bank N.A. v Carnivale*, 138 AD3d 1220, 1220 [2016]). In response, defendants alleged that they made all mortgage payments, so they were not in default. However, when defendants authorized a third party to handle their mortgage payments, they still bore the ultimate responsibility to ensure that those payments were timely and properly made to plaintiff. Defendants produced proof that, at their direction, money was deducted from Uvino's monthly retirement benefits to be paid toward the mortgage. Nevertheless, the record contains no evidence that the retirement benefits administrator properly processed those written requests and forwarded the payments to plaintiff using the correct account numbers, so that plaintiff actually received the required mortgage payments and knew to credit them against Uvino's mortgage loan (*see SEFCU v Allegra Holdings, LLC*, 148 AD3d at 1242). Thus, defendants failed to raise a triable question of fact regarding default.

Defendants argue that the notes in the record were forged and do not contain Uvino's signature. Initially, the fraud allegations in the answer were not stated with particularity to include forgery of any documents, as required by statute (*see* CPLR 3016 [b]). Due to Uvino's failure to deny in the answer that the notes contained his signature, the signatures were deemed to be legitimate (*see* CPLR 3015 [d]; UCC 3-307 [1]). Indeed, defendant's signatures on the documents presented by plaintiff were presumed to be genuine (*see* UCC 3-307 [1] [b]; *CitiMortgage, Inc. v McKinney*, 144 AD3d 1073, 1074 [2016]), especially considering that they were acknowledged by a notary public (*see Spilky v Bernard H. La Lone, Jr., P.C.*, 227 AD2d 741, 743 [1996]). In any event, even if the notes had been forged, Uvino could be deemed to have adopted any unauthorized signature based on his conduct in retaining the benefits of the transaction (i.e., the mortgage proceeds) and making payments on the consolidated note for more than a year (*see* UCC 3-404 and Comment; *see also Spilky v Bernard H. La Lone, Jr., P.C.*, 227 AD2d at 743-744).

Because defendants challenged plaintiff's standing to maintain this foreclosure action, plaintiff was also required to demonstrate that, at the time the action was commenced, it

was the holder or assignee of the mortgage and the underlying note (*see Bank of N.Y. Mellon v Cronin*, 151 AD3d 1504, 1505-1506 [2017]). "[T]he note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law" (*Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]). Therefore, if plaintiff was able to show that it obtained "written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action," it has standing to bring the instant action (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361; *Everhome Mtge. Co. v Pettit*, 135 AD3d 1054, 1055 [2016]). A sworn affidavit by plaintiff's custodian, based on a review of business records, is sufficient to show physical delivery or possession (*see HSBC Bank USA, N.A. v Sage*, 112 AD3d 1126, 1127 [2013], *lvs dismissed* 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]).

Here, plaintiff submitted the affidavit of a vice-president of a company that had merged with plaintiff and was the former servicer of the mortgage. She averred that she was familiar with the records kept in the ordinary course of business, she reviewed them, the records confirmed that a trust company acting on behalf of plaintiff was the custodian of the original collateral documents and had possession of those documents from 2008 until 2011 and, as part of normal business practice, the original note is included in the collateral file.[4] A copy of the consolidated note contained in the record shows that it was indorsed in blank, so plaintiff, as the holder of the note, was entitled to enforce it (*see Wells Fargo Bank, N.A. v Walker*, 141 AD3d 986, 987 [2016]; *Deutsche Bank Natl. Trust Co. v Monica*, 131 AD3d 737, 739 [2015]).

While it may have been better practice for plaintiff to give more direct information regarding how the original consolidated note came into the custodian's possession, "the foregoing evidence was sufficient to establish, prima facie, that the note was delivered to plaintiff's custodian prior to the commencement of this foreclosure action and remained in its possession at the time the action was commenced" in 2010 (*U.S. Bank N.A. v Carnivale*, 138 AD3d at 1221; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 362; *Bank of N.Y. Mellon v McClintock*, 138 AD3d 1372, 1374-1375 [2016]; *Deutsche Bank Natl. Trust Co. v Monica*, 131 AD3d at 739-740; *compare JP Morgan Chase Bank, N.A. v Hill*, 133 AD3d 1057, 1058 [2015]).

---

4. Although defendants raise arguments concerning the 2001 note, the relevant document is the 2008 consolidated note; the earlier note was subsumed by the latter.

Defendants' bald assertions regarding plaintiff's lack of possession were insufficient to raise a question of fact. Because plaintiff established its standing by physical possession of the consolidated note—constructively, through the possession of its records custodian—plaintiff was not required to prove that any of the notes or mortgages had been validly assigned to it, and any issues concerning assignments were irrelevant (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 362; *CitiMortgage, Inc. v McKinney*, 144 AD3d at 1075; *HSBC Bank USA, N.A. v Sage*, 112 AD3d at 1127-1128). Given that plaintiff established standing and the existence of the mortgage, note and Uvino's default, and defendants failed to raise any triable issue of fact, plaintiff was entitled to judgment as a matter of law.

Garry, Clark, Mulvey and Rumsey, JJ., concur. Ordered that the orders and judgment are affirmed, with costs.