Green Tree Servicing LLC v Bormann (2018 NY Slip Op 00216)





Green Tree Servicing LLC v Bormann


2018 NY Slip Op 00216


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

525133

[*1]GREEN TREE SERVICING LLC, Respondent,
v
EUGENE BORMANN, Also Known as EUGENE . BORMANN, et al., Appellants, et al., Defendants.

Calendar Date: November 14, 2017

Before: Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.


The Clements Firm, Glens Falls (Thomas G. Clements of counsel), for appellants.
Berkman, Henoch, Peterson, Peddy & Fenchel, PC, Garden City (Rajdai D. Singh of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeals from two orders of the Supreme Court (Auffredou, J.), entered December 29, 2016 in Warren County, which, among other things, granted plaintiff's motion for summary judgment.
In November 1998, defendants Eugene Bormann and Barbara Bormann (hereinafter collectively referred to as defendants) executed a note in favor of "Mayflower DBA Home Funding," which was secured by a mortgage on certain real property located in the
Town of Lake Luzerne, Warren County [FN1]. Defendants ceased making payments on the note in July 2009, and, in March 2014, plaintiff commenced this mortgage foreclosure action. Defendants joined issue and asserted various affirmative defenses, including that plaintiff lacked standing to commence this action. Plaintiff thereafter moved for, as relevant here, summary judgment and for the appointment of a referee to compute the total amount due and owing. Defendants opposed the motion, arguing that plaintiff failed to produce sufficient evidence to establish its standing, and cross-moved for an order compelling plaintiff to comply with certain [*2]outstanding discovery demands. Supreme Court granted plaintiff's motion and denied defendants' cross motion, and defendants appeal.
We affirm. Plaintiff established its prima facie entitlement to summary judgment as a matter of law by producing the mortgage, unpaid note and evidence of defendants' default (see Bank of N.Y. Mellon v Rutkowski, 148 AD3d 1341, 1341 [2017]; JP Morgan Chase Bank, N.A. v Hill, 133 AD3d 1057, 1057 [2015]; Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015]). Given that defendants raised the issue of standing as an affirmative defense, plaintiff was required to further demonstrate that, at the time that the action was commenced, it was the holder or assignee of the mortgage and the holder or assignee of the underlying note (see Bank of N.Y. Mellon v Cronin, 151 AD3d 1504, 1505-1506 [2017]; U.S. Bank N.A. v Carnivale, 138 AD3d 1220, 1220-1221 [2016]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Onewest Bank, F.S.B. v Mazzone, 130 AD3d 1399, 1400 [2015] [internal quotation marks and citations omitted]; accord U.S. Bank N.A. v Carnivale, 138 AD3d at 1221; see JP Morgan Chase Bank, N.A. v Venture, 148 AD3d 1269, 1270 [2017]).
Plaintiff alleged in its complaint that it was the holder of the note and attached thereto a certified copy of the note, endorsed in blank, on which an attorney admitted to practice in this state certified that the copy of the note had been compared to the original and was found to be a true and accurate copy (see JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d 1198, 1200 [2017]; JP Morgan Chase Bank, N.A. v Venture, 148 AD3d at 1270-1271). In support of its motion, plaintiff also relied on the sworn affidavit of Chelsie Hall, a document execution specialist employed by plaintiff [FN2]. Hall stated that she was familiar with plaintiff's record-keeping systems, that she personally examined plaintiff's financial books and business records, which were kept and maintained by plaintiff in the ordinary course of business, and that, as of the date of commencement, plaintiff was and remained in possession of the note. The certified copy of the note, together with Hall's affidavit, was sufficient to establish, prima facie, that plaintiff was the holder of the note prior to and at the time that this action was commenced in March 2014 and, therefore, had standing to bring this action (see JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d at 1200; JP Morgan Chase Bank, N.A. v Venture, 148 AD3d at 1270-1271; U.S. Bank N.A. v Carnivale, 138 AD3d at 1221; compare Bank of Am., N.A. v Kyle, 129 AD3d 1168, 1169 [2015]).
In opposition, defendants failed to come forward with any evidence raising a triable issue of fact as to whether plaintiff was the holder of the note and the mortgage at the time that it commenced this action (see Bank of N.Y. Mellon v Cronin, 151 AD3d at 1507; U.S. Bank N.A. v Carnivale, 138 AD3d at 1222; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 740 [*3][2015]). While defendants argue that Supreme Court prematurely granted summary judgment to plaintiff, without allowing them the opportunity to obtain full and complete disclosure, defendants did not offer anything more than surmise and conjecture to support their contention that the requested disclosure would reveal a triable issue of fact as to plaintiff's holder status (see Chemical Bank v PIC Motors Corp., 58 NY2d 1023, 1026 [1983]; Bank of N.Y. Mellon v Cronin, 151 AD3d at 1507; Gersten-Hillman Agency, Inc. v Heyman, 68 AD3d 1284, 1288 [2009])[FN3]. Nor is, as defendants contend, a triable issue of fact raised by the fact that Mayflower assigned defendants' mortgage to two different entities, before the mortgage was ultimately assigned to plaintiff. In this regard, we emphasize that it is the note, and not the mortgage, that conveys standing to foreclose (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]; Wells Fargo Bank, N.A. v Walker, 141 AD3d 986, 987 [2016]; Everhome Mtge. Co. v Pettit, 135 AD3d 1054, 1055 [2016]). As plaintiff established its standing through its physical possession of the note, it was not required to prove that the mortgage "had been validly assigned to it, and any issues concerning assignments were irrelevant" (BAC Home Loans Servicing, LP v Uvino, 155 AD3d 1155, 1159 [2017]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; CitiMortgage, Inc. v McKinney, 144 AD3d 1073, 1075 [2016]). In light of the foregoing, Supreme Court properly granted plaintiff's motion for summary judgment and denied defendants' cross motion to compel discovery.
To the extent that we have not expressly addressed any of defendants' arguments, they have been reviewed and found to be lacking in merit.
Garry, P.J., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the orders are affirmed, with costs.



Footnotes

Footnote 1: Defendants are also the defendants in another mortgage foreclosure action relating to a different property in the Town of Lake Luzerne, Warren County (Green Tree Servicing LLC v Bormann, ___ AD3d ___ [appeal No. 525134, decided herewith]).

Footnote 2: Hall's affidavit indicates that the company that she works for, Ditech Financial LLC, was formerly known as Green Tree Servicing LLC. We are unpersuaded by defendants' assertion that Hall's affidavit constitutes inadmissible hearsay and should not be considered (see CPLR 4518 [a]; Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312, 1313 [2017]; Citibank, NA v Abrams, 144 AD3d 1212, 1215-1216 [2016]; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 739 [2015]; HSBC Bank USA, N.A. v Sage, 112 AD3d 1126, 1127 [2013], lv dismissed 22 NY3d 1172 [2014]; lv dismissed 23 NY3d 1015 [2014]).

Footnote 3: Among other requests, defendants demanded that plaintiff produce another certified copy of the note, certified within 30 days of the demand.