Matter of Blake v Inmate Records Clerk (2023 NY Slip Op 00699)

Matter of Blake v Inmate Records Clerk

2023 NY Slip Op 00699

Decided on February 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 9, 2023

531457
[*1]In the Matter of Andrew Blake, Appellant,
v
Inmate Records Clerk, Clinton Correctional Facility, et al., Respondents.

Calendar Date:January 17, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Andrew Blake, Wallkill, appellant pro se.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondents.

Garry, P.J.
Appeals from (1) a judgment of the Supreme Court (Glen T. Bruening, J.), entered April 30, 2020 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Corrections and Community Supervision computing petitioner's maximum sentence, which did not include credit for time spent in the custody of the State of Delaware, and (2) a judgment of said court, entered October 13, 2020 in Clinton County, which, upon reargument, adhered to its prior decision dismissing the petition.
Petitioner, an incarcerated individual, challenges the calculation of his maximum prison sentence, which does not include a credit for 11 years that he spent in the custody of the State of Delaware for several Delaware convictions. On January 1, 2007, law enforcement authorities in Wilmington, Delaware, were contacted by law enforcement authorities in New York City regarding petitioner's suspected involvement in a triple shooting. Law enforcement authorities from New York traveled to Delaware to attempt to locate petitioner, and, on January 8, 2007, detectives from both New York and Delaware located petitioner. Following a pursuit, petitioner was arrested by the Wilmington Police Department and charged with crimes involving drugs and fleeing from the police officers. The following day, on January 9, 2007, an arrest warrant was issued for petitioner in New York. Petitioner was subsequently convicted in Delaware of several crimes, and, on November 16, 2007, petitioner was sentenced by the Superior Court of the State of Delaware to an 11-year term of incarceration.
Petitioner was subsequently extradited to New York [FN1] and, on April 7, 2008, arrested by New York law enforcement authorities. Following a jury trial, petitioner was convicted of three counts of attempted murder in the second degree, two counts of assault in the first degree, assault in the second degree, two counts of criminal possession of a weapon in the second degree, reckless endangerment in the first degree and bribery in the second degree. On April 6, 2009, Supreme Court (Obus, J.), New York County, sentenced petitioner to five concurrent 25-year terms of imprisonment, to be followed by five, five-year terms of postrelease supervision, and the court ordered that the sentence be served consecutive to petitioner's sentence in Delaware. Following sentencing in New York, petitioner was returned to Delaware to complete his prison sentence, after the completion of which he was received by respondent Department of Corrections and Community Supervision (hereinafter DOCCS) in July 2018 to begin serving his 2009 sentence. While in the custody of DOCCS, petitioner challenged the calculation of his maximum sentence, claiming that he should be credited with the 11 years that he spent in custody in Delaware because New York had obtained primary jurisdiction over him on January 8, 2007, when detectives from New York questioned him[*2]. After DOCCS's Office of Sentencing Review denied the recalculation of the sentence, petitioner commenced this CPLR article 78 proceeding seeking credit for the 11 years that he spent incarcerated in Delaware. Supreme Court (Bruening, J.) dismissed the petition, and petitioner moved to reargue, contending that Supreme Court failed to consider his reply papers.[FN2] Supreme Court granted petitioner's motion for reargument but adhered to its prior decision. Petitioner appeals from the judgment dismissing his petition and from the judgment adhering to the prior decision upon reargument.
Contrary to his contention, petitioner is not entitled to credit against his 2009 state sentence for the time he served pursuant to the Delaware conviction and sentence. Under the doctrine of primary jurisdiction, the " 'sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him [or her]' " (In re Liberatore, 574 F2d 78, 89 [2d Cir 1978], quoting Ponzi v Fessenden, 258 US 254, 260 [1922]; see Cruz v Walsh, 633 Fed Appx 794, 795 [2d Cir 2015]; United States v Copeland, 523 Fed Appx 10, 11 [2d Cir 2013]; Dutton v United States Attorney Gen., 713 F Supp 2d 194, 200 [WD NY 2010]; see also Cozine v Crabtree, 15 F Supp 2d 997, 1017 [D Or 1998]). "This means that a defendant sentenced by two sovereigns will first serve the sentence imposed by the sovereignty with primary jurisdiction, regardless of which sentence was actually imposed first" (Matter of Hall v LaValley, 115 AD3d 1125, 1128 [3d Dept 2014, McCarthy, J., dissenting] [citations omitted]; see Thomas v Brewer, 923 F2d 1361, 1365 [9th Cir 1991]; In re Liberatore, 574 F2d at 89; Shumate v United States, 893 F Supp 137, 139 [ND NY 1995]; People ex rel. Langone v New York State Dept. of Correctional Servs., 35 Misc 3d 706, 711-712 [Sup Ct, Orange County 2012]).
Here, the record reflects that petitioner was arrested and taken into custody in Delaware by the Wilmington Police Department on January 8, 2007. Although an arrest warrant was issued in New York City on January 9, 2007, petitioner was not formally arrested by New York law enforcement until April 7, 2008 — well after his Delaware arrest and also after his conviction and November 16, 2007 sentencing for his criminal convictions in Delaware. Although Delaware thereafter effected a loan of petitioner when it surrendered him for transport to New York County for trial and sentencing in April 2008 pursuant to the Interstate Agreement on Detainers, it did not relinquish primary jurisdiction of him, and petitioner was returned to Delaware to serve his 11-year prison sentence following sentencing in New York (see Dutton v United States Attorney Gen., 713 F Supp 2d at 200-201; see also Crawford v Jackson, 589 F2d 693, 695-696 [DC Cir 1978], cert denied 441 US 934 [1979]). Consequently, petitioner's state sentence could not commence until he was released from Delaware custody and received by DOCCS in 2018 (see Penal Law § [*3]70.30 [1]; see generally Dutton v United States Attorney Gen., 713 F Supp 2d at 200-201).
Turning to petitioner's motion for reargument,[FN3] Supreme Court did not err in adhering to its prior decision. Petitioner contends that his reply papers established that he was arrested by New York law enforcement authorities first, thereby affording New York primary jurisdiction. We disagree. Although the record does reflect, as petitioner contends, that, upon petitioner's January 2007 apprehension in Delaware, New York detectives questioned petitioner for a length of time, it is clear that those detectives were working in tandem with officers from the Wilmington Police Department in a cooperative operation and that, following the apprehension and ensuing questioning of petitioner at the police station in Delaware, petitioner was then formally arrested and processed by Delaware law enforcement authorities, charged with crimes in Delaware and imprisoned (see Zerbst v McPike, 97 F2d 253, 254 [5th Cir 1938]; see also Ponzi v Fessenden, 258 US at 260). Further, petitioner was not formally arrested by New York authorities until April 2008. Thus, we do not find that the New York officers arrested petitioner first, nor that Delaware relinquished primary jurisdiction of petitioner when New York detectives questioned petitioner at the police station in Delaware (see In re Liberatore, 574 F2d at 89; Cozine v Crabtree, 15 F Supp 2d at 1017; see generally People v Allen, 73 NY2d 378, 379-380 [1989]; People v Hicks, 68 NY2d 234, 239-240 [1986]). Petitioner's remaining argument is unpreserved for our review and, in any event, without merit (see Matter of Olutosin v Annucci, 174 AD3d 1262, 1264 [3d Dept 2019], lv denied 34 NY3d 908 [2020]; Matter of Cole v Goord, 47 AD3d 1147, 1147 [3d Dept 2008]).
Clark, Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgments are affirmed, without costs.

Footnotes

Footnote 1: In March 2008, an Interstate Agreement on Detainers was executed by which it was agreed that petitioner would be transferred to New York for trial, after which he would be returned to Delaware to finish serving his 11-year sentence.

Footnote 2: The reply papers consisted of, among other things, portions of the transcript of the July 2007 criminal suppression hearing and bench trial conducted in Delaware regarding efforts by the states' law enforcement to gain entry into petitioner's residence.

Footnote 3: Although "no appeal lies from the denial of a motion to reargue" (Rodriguez v Jacoby & Meyers, LLP, 126 AD3d 1183, 1184 [3d Dept 2015] [internal quotation marks and citation omitted], lv denied 25 NY3d 912 [2015]), the judgment here is appealable because Supreme Court granted petitioner's motion, and, upon reargument, adhered to its prior decision (see Matter of Aydden OO. [Joni PP.], 180 AD3d 1208, 1208 [3d Dept 2020], lv dismissed 35 NY3d 996 [2020]; Matter of Reed v Annucci, 175 AD3d 1700, 1701 n [3d Dept 2019]).