Matter of Woodside Manor Nursing Home, Inc. v Zucker (2024 NY Slip Op 00211)

Matter of Woodside Manor Nursing Home, Inc. v Zucker

2024 NY Slip Op 00211

Decided on January 18, 2024

Appellate Division, Third Department

Reynolds Fitzgerald, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 18, 2024

534801 536073

[*1]In the Matter of Woodside Manor Nursing Home, Inc., et al., Appellants,
v
Howard Zucker, as Commissioner of Health, Respondent.

Calendar Date:November 15, 2023

Before: Lynch, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Harter Secrest & Emery LLP, Rochester (F. Paul Greene of counsel), for appellants.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeals (1) from a judgment of the Supreme Court (Debra J. Young, J.), entered January 31, 2022 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondent's motion for summary judgment dismissing the petition/complaint, and (2) from an order of said court, entered August 12, 2022 in Albany County, which, upon reargument, directed respondent to promulgate certain regulations.
Petitioners are 23 residential health care facilities that participate in the Federal Medicaid (see 42 USC § 1396a et seq.)and the New York Medicaid programs administered by the Department of Health (see Public Health Law art 28). Pursuant to the Medicaid programs, petitioners are entitled to reimbursement for services provided to eligible Medicaid recipients (see 42 USC § 1396a [a] [13] [A]) and each state is required to adopt a method for reimbursing participating providers (see Public Health Law § 2807 [2-a] [e] [i]). Additionally, petitioners are entitled to be provided with an administrative review procedure to review and challenge the payment rates, also known as rate appeals (see 42 CFR 447.253 [e]). New York's Medicaid review procedure is governed by Public Health Law § 2808 and 10 NYCRR 86-2.13 and 86-2.14. The time frame to review a rate appeal is referenced in each statute or regulation. 42 CFR 447.253 (e) requires "prompt administrative review," whereas Public Health Law § 2808 (17) (a) declares that respondent shall consider rate appeals "within a reasonable period" and 10 NYCRR 86-2.14 mandates that respondent is to act upon such appeals "within one year of the end of the 120-day period" within which petitioners are obligated to file the rate appeal.
In 2010, the Legislature enacted Public Health Law § 2808 (17) (b), providing for a moratorium on rate appeals, an attendant monetary cap limiting the amount of funds available for payment of rate appeals, and, in light of this cap, directing respondent to prioritize which appeals to hear. The moratorium and statutory cap have been subsequently extended, most recently to April 1, 2025, and the amount available under the statutory cap has been increased (see L 2023, ch 57, part B, § 12). The Legislature also directed respondent to promulgate regulations to establish priorities and time frames for processing rate appeals (see Public Health Law § 2808 [17] [c]).
Petitioners have collectively filed a significant number [FN1] of rate appeals with the Department of Health and allege that respondent has not considered the appeals within the time frames set forth above. In February 2021, petitioners commenced this hybrid action for declaratory judgment and CPLR article 78 proceeding seeking a writ of mandamus ordering respondent to hear the appeals and to promulgate rules articulating the factors considered for prioritization, and plenary relief in the form of a declaratory judgment stating that respondent's delay in hearing the appeals is a violation of [*2]the State Administrative Procedure Act (hereinafter SAPA) and petitioners' federal and state due process rights.
Following joinder of issue, respondent moved for summary judgment on the plenary relief and to dismiss the petition. In January 2022, Supreme Court issued a judgment granting summary judgment to respondent, denying petitioners' request for declaratory judgment and denying petitioners' request to enjoin respondent from utilizing the current policy of considering rate appeals. The court also determined that discovery was not required. Petitioners moved to reargue and renew. The court issued an August 2022 order purportedly denying the motion and ordering respondent to promulgate regulations in accordance with Public Health Law § 2808 (17) (c). Petitioners appeal from the judgment and the order.[FN2] [FN3]
Initially, pending the hearing of this appeal, this Court was informed by respondent that, in compliance with Supreme Court's order, it had begun the process of promulgating rules with regard to the factors it would consider in prioritizing cases. While petitioners understandably bemoan respondent's last-minute approach to this undertaking, it has nonetheless begun, thus rendering moot their causes of action with respect to same, including any alleged SAPA violations (see Matter of Police Benevolent Assn. of N.Y., Inc. v State of New York, 161 AD3d 1430, 1431 [3d Dept 2018]).
Turning to the mandamus relief requested, it is axiomatic that "[a] writ of mandamus is an extraordinary remedy that is available only in limited circumstances. Such remedy will lie only to enforce a clear legal right where the public official has failed to perform a duty enjoined by law. While mandamus to compel is an appropriate remedy to enforce the performance of a ministerial duty, it is well settled that it will not be awarded to compel an act in respect to which a public officer may exercise judgment or discretion" (Alliance to End Chickens as Kaporos v New York City Police Dept., 32 NY3d 1091, 1093 [2018] [internal quotation marks, brackets and citations omitted], cert denied ___ US ___, 139 S Ct 2651 [2019]; see Matter of Hussain v Lynch, 215 AD3d 121, 125-126 [3d Dept 2023]). "A discretionary act involves the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result" (New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184 [2005] [internal quotation marks, brackets and citation omitted]).
To be entitled to such relief, petitioners must establish both a clear legal right to the relief demanded and a corresponding nondiscretionary duty — both are equally necessary for mandamus to lie. Petitioners, relying on Klostermann v Cuomo (61 NY2d 525 [1984]), contend that respondent's duty to process rate appeals is clear and that respondent is mandated to process the appeals even if the statutory cap prevents respondent from [*3]paying the amount due. However, even if we agree with petitioners that respondent has a duty to process appeals, the determination of whether something has taken place within a reasonable time necessarily "involves a discretionary determination" (Matter of Woodside Manor Nursing Home v Shah, 113 AD3d 1142, 1147 [4th Dept 2014]) and thus precludes mandamus relief.
Moreover, the statutory cap directs that in determining which appeals to hear, respondent must consider which facilities are facing significant financial hardship as well as "such other considerations as [respondent] deems appropriate" (Public Health Law § 2808 [17] [b]). The amorphous nature of this latter phrase necessarily requires respondent's discretion in its determination of how to prioritize the rate appeals.[FN4] For the foregoing reasons, petitioners are not entitled to a writ of mandamus compelling respondent to consider their appeals (see New York Civ. Liberties Union v State of New York, 4 NY3d at 184; Matter of Woodside Manor Nursing Home v Shah, 113 AD3d at 1147).
Nor do we find that Supreme Court erred in granting respondent summary judgment denying petitioners' requested declaratory relief. Public Health Law § 2808 (17) (b) states that, "[n]otwithstanding any inconsistent provision of law or regulation to the contrary, . . . [respondent] shall not be required to revise certified rates of payment." Here, the purpose of the statute is to impose the moratorium and cap; the "meaning of the statute's 'notwithstanding' clause is plainly understood and [the statute] clearly supersedes any inconsistent provisions of state law" (Matter of State of New York v John S., 23 NY3d 326, 341 [2014] [internal quotation marks, emphasis and citations omitted]). Although we are sympathetic to petitioners' assertion that resolution of the cases involved here cannot be regarded as "prompt" no matter how the term is defined, Public Health Law § 2808 (17) (b) simply supersedes this mandate. Accordingly, Supreme Court's declination to entertain the application for such relief in this instance did not constitute an abuse of discretion (see Board of Educ. of Freeport Union Free School Dist. v Nyquist, 50 NY2d 889, 891 [1980]).
Petitioners further contend that Supreme Court erred in dismissing the proceeding without allowing any discovery. "[T]rial courts are vested with broad discretion in controlling discovery, [and this Court] will not disturb their discovery determinations in the absence of a clear abuse of [that] discretion" (Calcagno v Graziano, 200 AD3d 1248, 1251 [3d Dept 2021]). In order to deny a motion for summary judgment pending further discovery, petitioners must "provide some evidentiary basis for [their] claim that further discovery would yield material evidence and also demonstrate how further discovery might reveal material facts in the movant's exclusive knowledge" (Arthur Brundage Inc. v Morris, 189 AD3d 2032, 2032 [3d Dept 2020] [internal quotation marks and citations omitted]). As [*4]Supreme Court dismissed the proceeding as a matter of law and petitioners did not show that discovery would lead to information that was material, the court did not abuse it discretion in denying discovery (see Calcagno v Graziano, 200 AD3d at 1250-1251; Aaron v Pattison, Sampson, Ginsberg & Griffin, P.C., 69 AD3d 1084, 1085-1086 [3d Dept 2010]).
As to petitioners' due process claims, "[p]roperty interests are not created by the Constitution, but rather by existing rules or understandings that stem from an independent source such as state law. In considering whether a right is granted by [s]tate law, the focus is on the relevant statute, regulation, or contract . . . at issue" (Matter of Medicon Diagnostic Labs. v Perales, 74 NY2d 539, 545 [1989] [internal quotation marks and citations omitted]). Where, as here, the statute does not require respondent to make revisions and payments on all rate appeals and instead requires respondent to prioritize the review and payment of the appeals without regard to a specific timeline, petitioners have not "establish[ed] a cognizable vested property interest" (Matter of Concerned Home Care Providers, Inc. v State of New York, 108 AD3d 151, 157 [3d Dept 2013] [internal quotation marks, ellipsis and citations omitted], appeal dismissed 22 NY3d 946 [2013]); thus, Supreme Court properly dismissed petitioners' due process claims (see Matter of Siddiqui v New York State Dept. of Social Servs., 116 AD2d 909, 911 [3d Dept 1986]). To the extent that petitioners argue that Supreme Court misconstrued or misapprehended the law as to their SAPA and constitutional claims and, thus, erred in denying reargument, this argument has been reviewed and determined to be without merit.
Lynch, J.P., Pritzker, McShan and Powers, JJ., concur.
ORDERED that the judgment and the order are affirmed, without costs.

Footnotes

Footnote 1: Petitioners allege that collectively they have more than 160 rate appeals waiting to be heard.

Footnote 2: "Although no appeal lies from the denial of a motion to reargue" (Matter of Blake v Inmate Records Clerk, 213 AD3d 1037, 1040 n 3 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 966 [2023]), a review of the August 2022 order reveals that Supreme Court addressed the merits of petitioners' motion. As such, we deem the court to have granted reargument and, upon reargument, adhered to its prior decision — and, in fact, provided additional relief by directing respondent to promulgate rules — despite the language in the order indicating that reargument was denied. Thus, the order is appealable as of right (see Van Ryn v Goland, 189 AD3d 1749, 1751 [3d Dept 2020]; Galway Co-Op.Com, LLC v Niagara Mohawk Power Corp., 171 AD3d 1283, 1284 [3d Dept 2019]).
Footnote 3: Petitioners argue that Supreme Court erred in failing to order respondent to promulgate rules as required by Public Health Law § 2808 as the court failed to expressly grant such relief in the August 2022 order's decretal paragraph. Where there is an inconsistency between the decretal paragraph of the order and the decision upon which it is based, the decision controls (see Mattison v OrthopedicsNY, LLP, 189 AD3d 2025, 2026 n 1 [3d Dept 2020]; Zebrowski v Zebrowski, 28 AD3d 883, 884 [3d Dept 2006]. In its decision, Supreme Court clearly directed respondent to promulgate rules. As petitioners received this relief they requested and are not thereby aggrieved, petitioners' request seeking this Court to direct respondent to promulgate rules is moot (see Matter of Kosmo Family Trust [Wieland—Savino], 176 AD3d 1465, 1467 [3d Dept 2019]; Matter of Dolomite Prods. Co., Inc. v Town of Ballston, 151 AD3d 1328, 1334 [3d Dept 2017]).

Footnote 4: It is this very discretion which petitioners object to in their SAPA argument and which respondent addresses through its promulgation of rules. Whether the content of the final rules adequately addresses petitioners' concerns of ambiguity is not yet determinable.